Nov. Term,
1826.

DUKES
v.
CLARK.

---

## DUKES v. CLARK.

Slander for charging a man with illicit intercourse with his wife's sister. *Held*, that the words did not contain a charge of incest, but only of fornication or adultery.— *Held*, also, that as, at the time of speaking the words, neither fornication nor adultery was an indictable offence, the words were not actionable.

ERROR to the *Monroe* Circuit Court.

Thursday,
November 9.

SCOTT, J.—*Clark* filed his declaration in the Circuit Court, in which he charges *Dukes* with having spoken of him certain slanderous words, which, as he alleges, import a charge of incest. Plea, not guilty; verdict and judgment for the plaintiff.

On an inspection of the declaration, we find that the words, as laid, strongly imply a charge against *Clark* of an illicit intercourse with his sister-in-law. Such an intercourse, however,

is not incestuous; and there are no words laid in the declaration, which imply a charge of the crime of incest. In their strongest import, they imply no more than fornication or adultery. And as, at the time of speaking the words, a man was not liable to an indictment for fornication or adultery, we are clearly of opinion that the words, as laid, are not a sufficient foundation for an action of slander. The judgment is, therefore, erroneous, and must be reversed (1).

*Per Curiam.*—The judgment is reversed with costs.

*Naylor*, for the plaintiff.

*Wick*, for the defendant.

Nov. Term,
1826.

DUKES
v.
CLARK.

(1) Where an action was brought for words, in calling the plaintiff *heretic* and one of the *new learning*, it was held clearly that it would not lie, being merely a spiritual matter; for if the defendant was disposed to justify and show in what respect the plaintiff was a heretic, the temporal Court could not judge of it; and it was not like where the Court had cognizance of the principal matter, as where a man was called traitor, or felon. Again, if he had called him *adulterer*, this being a spiritual matter, an action would not lie for it. But *Fitzherbert* said, that where things were of a mixed nature, as where a man was said to keep a *bawdy-house*, he might elect whether he would have his action here or in the spiritual Court. 27 Hen. 8. 14.—4 Reeves' Eng. Law, 385. The following is the language of *Blackstone:* In the year 1650, when the ruling powers found it for their interest to put on the semblance of a very extraordinary strictness and purity of morals, not only incest and wilful adultery were made capital crimes; but also the repeated act of keeping a brothel, or committing fornication, were upon a second conviction made felony without benefit of clergy. But at the Restoration, when men, from an abhorrence of the hypocrisy of the late times, fell into a contrary extreme of licentiousness, it was not thought proper to renew a law of such unfashionable rigour. And these offences have been ever since left to the feeble coercion of the spiritual Court, according to the rules of the canon law; a law which has treated the offence of incontinence, nay even adultery itself, with a great degree of tenderness and lenity; owing, perhaps, to the constrained celibacy of its first compilers. The temporal Courts, therefore, take no cognizance of the crime of adultery, otherwise than as a private injury. 4 Bl. Comm. 65.

Many offences of private incontinence fall properly and exclusively under the jurisdiction of the ecclesiastical Court, and are appropriated to it. But where the incontinence or lewdness is public, or accompanied with conspiracy, it is indictable.

Exposing a party's person to the public view, is an offence contra bonos mores' and indictable. See 1 Sid. 168.—2 Camp. 89.—1 Keb. 620. And by the vagrant act, 5 Geo. 4, exposing a man's person, with intent to insult a female, is an offence for which the offender may be treated as a rogue and vagabond; and so is the wilfully exposing an obscene print or indecent exhibition,—indeed this would be an indictable offence at common law. 2 Stra. 789.—1 Barn. Rep. 29.—4 Burr. 2527, 2574. And by the same act, G. 4, every common prostitute wandering in public, and behaving in a riotous and indecent manner, may be treated as an idle and disorderly person within the meaning of that act.

Publicly selling and buying a wife is clearly an indictable offence. 3 Burr. 1438.

Procuring or endeavouring to procure the seduction of a girl seems indictable. 3 Sb,
Tri. 519. So is endeavouring to lead a girl into prostitution. 3 Burr. 1438.—4 Chitt.
Bl. 65, note (25).

Vide *Shields* v. *Cunningham*, Vol. 1. of these Rep. 86, and note (3).—*Henson*
v. *Veatch*, Idem, 371, note (1).

The living in open and notorious adultery or fornication, or being guilty of open and,
notorious lewdness or of 'any grossly scandalous and public indecency, is now punish-
able in *Indiana* by statute. R. C. 1831, p. 192. And words charging a *female* with
fornication, &c. or charging *any person* with incest, sodomy, &c. are expressly made
actionable by statute. R. C. 1831, p. 407.