Wright, J.,
delivered the opinion ot the court:
Two points are made on this demurrer:
I. That the matters set forth in the bill are of exclusive legal cognizance, and have been tried and determined at law.
2. That no fraud or accident within the jurisdiction of the court is shown in the bill; but, on the contrary, it is shown that if the complainant ever had a meritorious case against the defendants, he-has lost it by his own negligence or that of his agents.
This court has determined, in Leiby v. Parks et al., 4 Ohio, 492, that it is not proper for a court of equity to inquire whether a court of law, in a matter within its jurisdiction, erred in opinion, nor whether a fair and impartial trial has been had at law, unless the complainant clearly shows that he had a good defense, and was prevented by fraud or pure accident, without any fault or negligence of himself or his agents, from availing himself of it. The present chief judge, in giving the opinion of the court in that case (page 493) uses the following language: “Should this court enjoin this judgment, and order a new trial at law, because a fair trial had not been had, it must order a new trial in every case, where the defendant may, in general terms, allege fraud in the-plaintiff in obtaining the verdict against him, and that there existed evidence which would probably change the verdict. Prom, their feelings, defendants would do this with a pure conscience in most cases where verdicts *are against them. Hence, courts [88 of chancery, before they order a cause to be reheard at law, require that the complainant shall show that he used due diligence in preparing and conducting his defense at law, and that he was- *86 prevented from making them by circumstances beyond his control.”
The same doctrine is recognized by the Supreme Court of the United States, in Marine Insurance Co. v. Hodgson, 7 Cranch, 336. Chancellor Kent, in Duncan v. Lyon, 3 Johns. Ch. 356, lays it down as “ a settled principle, and one by which he intends to continue to be governed, that a party will not be aided after a trial at law, unless he can impeach the justice of the verdict or report, on facts, or on grounds of which he could not have availed himself, or was prevented from doing it by fraud or accident, or the act of the opposite party, unmixed with negligence on his part." In Curtis & Williams v. Cissna, 1 Ohio, 435, this court determined it not to be a subject of inquiry in chancery, whether the decision of a court of law, upon a subject within its jurisdiction, was or was not correct. In that case, it is said that “ a court of chancery does not act as a court of errors to examine or reverse the judgments of a court of law.” And again, “ where courts of law and of •chancery have concurrent jurisdiction, and a party electing to pursue his remedy in one fails, he shall not be permitted, as a general rule, to re sort to the other.” This court also, in Buell v. Cross 4 Ohio, 330, determined that where a party has remedy at law, in the prosecution of which he has been defeated by an erroneous decision, he can not be aided in equity. “If he properly failed,” say the court, “his rights are at an end; if improperly, his remedy was by error.” With these decisions upon the point, one would suppose the profession would consider the question settled; at any rate this court is satisfied with the decisions, and is not disposed to alter them.
It is insisted by the counsel for the complainant that these matters will not avail the defendants on demurrer, but should have been set up by plea; and that they can not even be pleaded without a denial of the fraud, or other circumstances. Eeliance, for this, is had upon Mit. Pl. 206-208; whereupon it is urged that inasmuch, as in this case, there is no denial of the circumstances and mistake, they are all admitted by the demurrer, and so are to be held available. We do not apply the law as the complainant’s counsel do. The true inquiry is, are the circumstances admitted •84] by the demurrer, such as, according to *the course of proceeding in chancery, to entitle the party to relief? Apply this ■rule in the present case. No fraud is alleged, except the fraud of *87 ■the court. This court found a verdict, acting as a jury, against the complainant, according to his own agreed state of facts submitted to it; judgment is rendered upon this finding, according to the practice of the court. It is complained of this that the case set forth in the declaration was not the true one, but fictitious, and so made by the complainant’s attorney, because he thought it more •convenient to state his facts in that manner, and that he stated all the law required ! If this be the mistake, or circumstance relied upon, it is the fault of the complainant, for which this court will not afford him relief.
Again, it'is complained that the ground of the judgment was the want of an averment of consideration in the declaration, when in truth there existed a consideration that might have been averred. The agreement of facts set forth in the bill admits “that no consideration passed from Green to Dodge and Cogswell on account of said note.” Did the complainant admit a falsehood to get his cause tried, and does he now ask to be relieved from his false admission?
It is still further objected that the court, before it gave judgment, assured the attorney that it should be so entered as not to operate as a bar, when, by mistake, the judgment was otherwise entered. It is believed this is the first application to chancery to •set aside a judgment at law, because of fraud or misrepresentation in the court rendering that judgment. But what are the alleged circumstances? The court refused leave to amend after the cause was submitted, and observed to the counsel asking leave that the judgment would be entered in a way not to operate as a bar 1 The parties voluntarily submitted their cause upon agreed facts to the court; on the facts, the court found a verdict for the defendants (see 2 Ohio, 439); upon which judgment followed, of course, and now the plaintiff asks to set aside the judgment, because the defendant did not choose to move for a nonsuit, or in arrest of judgment; because his own counsel stated a fictitious, instead of the true case; and because the court, without motion in conversation, undertook that the judgment should be entered, so as not to be a bar 1 And because, upon some unknown ground, the court overruled a motion to amend the judgment at a subsequent term. See Ohio, 486. These facts, it is claimed, are to be *taken as true, because admitted by the demurrer. A de- [85 murrer admits only what is well pleaded or set forth. A court *88 acts upon uiatters before it; it can hold no conversation — it enters into no contracts to do business, and it can only speak by its record. The legal maxim is, that they import absolute verity, and can not be contradicted; hence, a claim to set up facts in opposition to the record, as in this case, has no legal effect, even if demurred to. The conversation, if any, in this case, must have been with a judge of the court, not the court; and if he undertook to take care of the complainant’s rights, it was as his agent, and his laches, like that of other agents, are chargeable upon the-principal.
The analogy claimed to exist between this case and that of Oliver and Baum v. Pray, 4 Ohio, 175, is not perceived by us. The judgment, in that case, was deemed unconscionable, and the mistake on which relief was given, was that of the clerk, in the discharge of his duties as an officer or agent of the law, in taking the appeal bond, when the complainants, so far as they were in pursuit of their legal rights, acted “ with perfect good faith and with all reasonable diligence.” Id. 194. That case goes as far as we are disposed to go. The demurrer is, therefore, well taken.
On the merits the case made lays no foundation whatever for a decree against Cogswell, and as to him it is dismissed with costs. John Dodge, it appears, received from Sidney Dodge, certain claims to be applied to the extinguishment of the complainant’s debt, a part of which only have been so applied. He admits the receipt of two hundred and twelve dollars and two cents, which, remains unapplied; and he holds this money and the uncollected demands in trust for the complainant. The exact state of the outstanding demands is not made known to us; nor are we advised when the two hundred and twelve dollars and two cents were received, or might have been paid over. A master will, therefore, unless the parties agree, be required to take and state an account of this fund, showing the amount received, the date of the receipt, and the timo when it might have been paid over; also, the present condition of the remaining claims, and if any, what portion of them have been lost by the negligence of John Dodge. The cause 'must be continued for further proceedings.