HOUNSHELL v. PHARES.

1. When an attachment is sued out, under the act of December, 1837, " to explain and amend the law in relation to attachments," as auxiliary to a suit then existing, it is not necessary to alledge in the attachment, the existence of a previous suit.
2. If an attempt were made to set up such an attachment, as an original suit, it could be defeated by plea in abatement.

Writ of error to the Circuit Court of Cherokee County.

THE facts of the case sufficiently appear in the opinion of the court.

J. COCHRAN, for plaintiff in error.

Hounshell v. Phares.

ORMOND, J.—This suit was originally commenced in the court below, by the plaintiff in error, by petition and summons. An attachment was afterwards sued out by the plaintiff, on the ground that the defendant was "about to remove out of the State." The attachment was quashed on motion of the defendant on the ground as is stated in the motion "of errors on its face."

On examination of the affidavit, bond and attachment it appears to be regular, but it is stated by counsel, that the attachment was quashed, because there was no reference in it to the existing suit.

The authority to issue an attachment after the commencement of a suit in the ordinary mode, is given by the eighth section of the act, to explain and amend the laws in relation to attachments, passed December, 1837, which attachment, the act says, "shall be returnable to the court in which suit had originally been commenced as aforesaid, which said attachment shall be issued, executed, and returned as near as may be, in the same manner as original attachments, and the said affidavit, bond and attachment, when returned shall be filed with the papers in the original cause, and shall constitute a part thereof, and the plaintiff in said suit, may proceed to judgment as in other cases; and the original suit shall not be delayed."

The act does not require affidavit to be made of the existing suit. Such a requisition would have been without any object, and entirely unnecessary, as it would be matter of record.

The proceedings in the attachment connects itself with the previous suit by the parties and the matter in controversy, in the same mode that the affidavit in an original attachment is recognized as part of the proceedings in the cause. The attachment in this case, being merely auxiliary to the existing suit, if it were attempted to set it up as an original suit, it could be defeated by plea in abatement.

Let the judgment, quashing the attachment, be reversed, and the cause remanded for further proceedings.