Dickson v. Bachelder.

---

## DICKSON vs. BACHELDER.

1. In debt on an attachment bond, where the bond set out in the declaration recites that "*Robert Cornell and Charles Cornell had*, on the day of the date of said writing obligatory, prayed an attachment, at the suit of said Robert and Charles Cornell, merchants and partners, using the name of Cornell & Brother," while the bond set out on oyer recites that "*John J. Steiner hath*, on the day of the date hereof, prayed an attachment, at the suit of Robert Cornell and Charles Cornell, merchants and partners, using the name of Cornell & Brother," the variance is not material, as these recitals do not form an essential portion of the condition of the bond.

2. Nor is it a fatal variance, that the declaration proceeds as on a bond given for an *ancillary* attachment, while the bond set out on oyer is, in form and substance, a bond for an *original* attachment.

3. When suit is instituted on an attachment bond, to recover the damages *actually* sustained, it is only necessary to aver in the declaration that the writ was *wrongfully* sued out.

ERROR to the Circuit Court of Chambers.

Tried before the Hon. GEORGE GOLDTHWAITE.

This is an action of debt on an attachment bond made by the defendant and one J. J. Steiner to the plaintiff, for the payment of $1100 25; with the following condition: "The condition of the above obligation is such, that whereas the above bound John J. Steiner hath the day of the date hereof prayed an attachment at the suit of Robert Cornell and Charles Cornell, merchants and partners, using the name of Cornell & Brother, against the estate of the said Josiah Dickson, for

the sum of five hundred and fifty $\frac{12}{100}$ dollars, and has obtained the same returnable to the County Court of Chambers county, to be held at LaFayette on the fourth Monday in January, A. D. 1846: Now, if the said plaintiff shall prosecute his attachment to effect, and pay the defendant all such damages as he may sustain by the wrongful or vexatious suing out said attachment, then this bond to be void, otherwise to remain in full force and virtue."

The writ and declaration are against Bachelder alone, and the latter thus sets out the condition of the bond, and its breach: "Which said writing obligatory was and is subject to a certain condition thereunder written, whereby, after reciting to the effect following, to-wit: that Robert Cornell and Charles Cornell had, on the day of the date of the said writing obligatory, prayed an attachment at the suit of the said Robert Cornell and Charles Cornell, merchants and partners using the name of Cornell & Brother, against the estate of the said plaintiff, before Edward Croft, then clerk of the County Court in and for the county and State aforesaid, which said attachment was ancillary to a suit then lately instituted by the said Robert Cornell and Charles Cornell against said plaintiff, returnable to the County Court to be holden for said county of Chambers on the fourth Monday in July in the year 1845, and which said attachment, ancillary to said suit, was made returnable to a County Court to be holden for said county of Chambers on the fourth Monday in January, in the year of our Lord 1846, for the sum of five hundred and fifty dollars and twelve cents; it was conditioned, that said plaintiff should prosecute his said attachment to effect, and pay the defendant (meaning and intending the said plaintiff) all such damages as he may have sustained by the wrongful or vexatious suing out said attachment, then the bond to be void, otherwise to remain in full force and effect; as by said writing obligatory, and the condition thereof, will more fully and at large appear. And the said plaintiff in fact says, that said attachment, so sued out as aforesaid, was wrongfully sued out; that by such wrongful suing out of said attachment the said plaintiff has sustained damage to a large amount, to-wit: the sum of two hundred dollars, by his negro slaves, to-wit: Henry and Tom, being levied by the sheriff of said county under

and by virtue of said writ of attachment, and being so detained by said sheriff for a long space of time, to-wit: ten days; also, in his having been compelled to pay costs, and employ counsel to defend himself and property from said attachment, and to regain the possession of his said negroes; and also in his credit, which has thereby been greatly injured, by which said plaintiff sustained damage to a large amount, to-wit: to the amount of three hundred and fifty dollars." The declaration then proceeds by averring that neither Cornells, Steiner, nor the defendant had paid these damages. In further assigning breaches it is averred, that by, under and by means of this attachment, the sheriff summoned one Camp, a debtor of the plaintiff, as garnishee, and thus prevented him from paying the sum due to the plaintiff, in consequence of which the plaintiff was compelled to sell his slaves at a ruinous sacrifice, and that he suffered damage from this cause to the amount of $    ; and concludes: "By reason of which said breaches the said writing obligatory became forfeited, and according to said statute an action hath accrued to said plaintiff, to demand and have, of and from the same defendant, the said sum of $1100 25 above demanded. Yet the said defendant, (although often requested so to do,) hath not as yet paid the said sum of money above demanded, or any part thereof, to the said plaintiff, or otherwise, according to the said writing obligatory and condition, but to pay," &c.

To this declaration, on oyer of the bond and condition, the defendant demurred. This demurrer was sustained by the court, and the judgment sustaining the demurrer, is here assigned for error.

BAUGH, for the plaintiff in error.

S. F. RICE, contra:

1. The bond executed on the suing out of an attachment is intended as a security against the costs or damages the defendant in attachment may sustain from the wrongful or vexatious act of the plaintiff in attachment. It is not intended as a security against the malicious act of the agent who may sue it out, or of any third person who may sue it out without authority. McCullough v. Walton, 11 Ala. Rep., 492.

2. The obligors in such bond are estopped from denying any admission or recital therein contained, as to the person who sued out the attachment. If such bond shows that such attachment was sued out by the plaintiff in attachment, the obligors would be estopped from denying that fact, and from showing that it was sued out by a third person, or by an agent; and if the bond shows that the attachment was sued out by a third person, (neither agent nor attorney,) there is nothing in such bond to estop the surety therein from showing that the plaintiff in attachment did not sue out the attachment, or authorize it to be sued out, or adopt or ratify such suing out, and thus relieve himself from a recovery for vindictive damages, although the proof might show that the plaintiff in attachment was an enemy to the defendant in attachment. Suppose, for instance, that A and B are known to be enemies to each other; that C, knowing of this enmity, without any authority whatever, gives bond with D as surety, and sues out an attachment in favor of A against B; that A never hears of the suing out of the attachment until long after its issuance, and then repudiates it. Now if the recitals in such bond showed that A sued out the attachment, D, (the surety,) when sued, would be estopped from proving that A did not sue it out or authorize it; and being estopped on this point, proof of A's enmity to B, would almost certainly subject D to a verdict for vindictive damages. This may suffice to show that the admission or recital in such bond, as to the person who sued out the attachment, is a material part or feature in such bond, and must be truly and correctly described in a declaration on the bond, or else there is a ground for objection for a variance.

3. In matters of description of the contract sued on, there must be accuracy. And where the declaration describes the contract as an attachment bond, which bond recites that the attachment was sued out by the plaintiffs in attachment, and the bond is set out by defendant on oyer, accompanied by a demurrer, and the bond thus set out on oyer instead of containing any such recital, recites that the attachment was sued out by a third person, (who does not even profess to be agent or attorney of plaintiff in attachment,) there is such a variance shown as will justify the court in sustaining the demurrer. 1 Chitty's Pl., 228, 229, and note 3.

4. There is a clear misdescription of the legal effect of the bond; that is, of the effect which it would have upon the rights of the defendant here sued, in denying him the right of showing the truth, in several contingencies which might be supposed, and which right he would have if the bond had been correctly described; there must be accuracy in averments descriptive of the contract sued on. Felix v. The State, 18 Ala. Rep., 726.

5. There seem to be other variances, for instance, the beginning of the bond, set out on oyer, shows it to be the bond of "John J. Steiner and Josiah N. Bachelder," whilst the bond, described in the declaration, is the bond of John J. Steiner and Josiah W. Bachelder, (the defendant.) The bond set out on oyer is a bond for an original attachment on its face, if construed without reference to anything else. The bond declared on is averred to be a bond for an ancillary attachment. There is a marked difference in our law between original and ancillary attachments. Reynolds. & Elston v. Culbreath, 14 Ala. Rep., 581.

6. The declaration does not negative the ground on which the attachment was sued out. It does not even state the ground on which the attachment was sued out. But the mere conclusion of the pleader is averred, to-wit: that "the attachment was wrongfully sued out." The pleader must state facts, not his conclusions. He must, in such a case as this, show the ground on which the attachment was issued, and must negative the existence of that ground. Moore v. Barclay, 18 Ala. Rep., 672.

7. The declaration does not show any cause of action; it does not show that any valid writ of attachment ever issued, or that such writ was returnable to any court, or that the defendant, or either of the obligors ever delivered such writ to any officer. Marshall v. Betner, 17 Ala. Rep., 835; Sheppard v. Furniss, 19 Ala. Rep., 760; Ragsdale v. Bowles, 16 Ala. Rep., 62.

LIGON, J.—It is contended, that the demurrer to the declaration was rightly sustained, for two reasons: First, because the attachment bond set out in the declaration, and that read on oyer, are essentially variant in this: that in the former it

is recited in the condition, that "Robert Cornell and Charles
Cornell had, on the day of the date of said writing obligatory,
prayed an attachment at the suit of said Robert and Charles
Cornell, merchants and partners, using the name of Cornell
& Brother," while in the bond read on oyer it is recited, that
"John J. Steiner hath, on the day of the date hereof, prayed
an attachment at the suit of Robert and Charles Cornell, mer-
chants and partners, using the name of Cornell & Brother."
We do not think that this is a material variance, for these
recitals do not form an essential portion of the condition of
the bond; especially that part of them which recites the
name of the person who applied for the issue of the attach-
ment.   The essential part of the condition of this bond, and
that for a breach of which alone an action will accrue to the
plaintiff, is the same both in the declaration and bond, and is
in these words: "Now, if the said plaintiff shall prosecute
his attachment to effect, and pay the defendant all such dam-
ages as he may sustain by the wrongful or vexatious suing
out of said attachment, then this bond to be void; otherwise,
to remain in full force and virtue." If this portion be cor-
rectly set out and averred in the declaration, with the style
of the attachment suit in which the bond was given, and the
court and term to which it was made returnable, it is wholly
immaterial whether any other portion of the recitals of the
bond be set out at all; and if an attempt is made to set them
out, and a variance occurs, it is no ground for demurrer. All
that can be required of the pleader is, to set out the bond
sued on according to its legal effect, and that is sufficiently
done in this case.

2. Another variance which is supposed to be fatal is, that
the declaration proceeds on the bond as a bond given for an
ancillary attachment, whereas, the bond set out on oyer is, in
form and substance, a bond for an original attachment.   This,
we apprehend, can avail the defendant nothing; for the same
bond, both in form and substance, is required by law to be
given, whether the attachment be original or ancillary, and
an attachment sued out under the act of 1837, as auxiliary to
a pending suit, need not allege the pendency of the suit.
Clay's Dig. 61, § 34; Hounshell v. Phares, 1 Ala. 580.

3. Independent of these supposed variances, it is urged

that the breach laid in the declaration is not broad enough, and does not sufficiently negative the performance of the condition of the bond, to authorize the plaintiff to recover. The declaration distinctly avers, "that said attachment, so sued out as aforesaid, was wrongfully sued out; that by such wrongful suing out of said attachment said plaintiff has sustained damage," &c., going on to lay special damages. This is quite sufficient; since, in suits upon an attachment bond, for the purpose of recovering the actual damages sustained by reason of the wrongful suing out of the writ, it is only necessary to aver that such writ was wrongfully sued out. In such a suit vindictive damages cannot be given, and the question of malice in procuring the writ cannot arise. It is not, therefore, necessary in the declaration either to negative the ground on which the writ was sued out, or to aver that it was done vexatiously or maliciously. Wilson v. Outlaw, Minor, 367; 4 Ala. 212; Herndon v. Forney, ib. 243; McCullough v. Walton, 11 Ala. 492; Jones v. Kirksey, 7 Ala. 622.

We think the Circuit Court erred in sustaining the demurrer; its judgment is, therefore, reversed, and the cause remanded.