Order accordingly.

---

# COLEY'S ESTATE.

*Surrogate's Court, City and County of New York; Nov.*, 1862.

ANCILLARY ADMINISTRATION.—FOREIGN EXECUTOR, WHEN NOT REQUIRED TO ACCOUNT HERE.

An executor appointed in another State in the case of a testator domiciled there, although he may take out ancillary letters in the Surrogates' Courts of this State, to reach assets here, can be compelled to account here, at the instance of a beneficiary under the will, only for such assets as the testator left in this

. State, and which were here at the time when the letters ancillary were granted. With respect to all other assets he is to account in the jurisdiction of the principal administration.*

---

* In the case of MIDDLEBROOK a. THE MERCHANTS' BANK (*Supreme Court, First District, Special Term, December*, 1862), it was *Held*, that an executor who has obtained probate and letters in a sister State, where the testator was domiciled and died, and where the executor resides, can dispose of personal assets situated in this State, without taking out letters ancillary here; although such ancillary letters would be necessary to enable him to sue here.

This was an action to compel the bank to allow the transfer of one hundred shares of their stock standing in the name of Robert Middlebrook, deceased, to his son, Louis N. Middlebrook, the plaintiff. The deceased was a resident of Connecticut, and died there, leaving a will by which he gave to the plaintiff a legacy, payable in bank stock, to be selected by the plaintiff and appraised. He appointed three persons, resident in Connecticut, his executors. The executors proved the will in the Probate Court for the district of Bridgeport, Connecticut, letters-testamentary were granted to them, and they proceeded to settle the estate according to the will. The testator held stock in the Merchants' Bank of the city of New York, the defendant in this action, and in five or six other banks in the same city. The plaintiff selected one hundred shares of the stock in defendant's bank as a part of his legacy; the shares were appraised and the executors executed, in Connecticut, a transfer of the shares to the plaintiff, who applied to the bank for leave to transfer them into his own name on the transfer books of the bank. The bank refused to allow the transfer on the ground that the executors had no right to dispose of these shares without first taking out letters-testamentary in this State.

*E. Seeley* and *Wm. Bliss*, for plaintiff.

*B. W. Bonney* and *Alfred Roe*, for defendants.

CLERKE, J.—The simple question in this case is whether an executor, who has obtained probate and letters-testamentary in a sister State,—the residence of the executor, and where the testator lived and died,—can dispose of his testator's personal property, situated here, without taking out letters ancillary in this State.

It is certain that no person can maintain an action in our courts, as an executor or administrator, without first taking out letters ancillary in this State.

That is, before he seeks the aid of our courts, to enforce any legal right in this State, he must first be invested, recognized, and commissioned, in his representative capacity, by the appropriate jurisdiction here.

But that is very different from saying that he cannot transfer any rights existing in this State,—that he cannot sell any of his testator's estate or release any interest therein without first obtaining letters ancillary here.

In the language of ASHURST, J., in Smith a. Miles (1 *T. R.*, 480), "the executor has the right immediately on the death of the testator, and the right draws after it a constructive possession."

The probate is not a mere ceremony, but when passed, the executor does not derive his title under the probate, but under the will. The probate is only evidence of his right, and is necessary to enable him to sue; but he may release, &c., before probate. (See, also, Valentine a. Jackson, 9 *Wend.*, 302; Babcock a. Booth, 2 *Hill*, 181.) If the executor, then, can before probate dispose of his testator's

Coley's Estate.

There may, however, be exceptions to this rule,—*e. g.*, where the bulk of the estate is within the jurisdiction of ancillary administration, the will is clear, the debts are paid, and it is apparent that no injury could arise.

*John J. Townsend,* for the legatee.

*Alexander W. Bradford,* for the executor.

DALY, First Judge of the New York Common Pleas, Acting Surrogate.*—The testator, at the time of his death, was domiciled in Connecticut, and his will was admitted to probate in that State, in August, 1857. Afterwards, in November, 1858, his executor obtained letters ancillary in this court to reach effects in this State. He has been called to account by a legatee resident here, and the executor having filed his account, the legatee insists that there are railroad bonds, stocks in various corporations, and State bonds other than those of the State of Connecticut, not included in the inventory filed here, in respect to which he claims the right to examine the executor, with the view of ascertaining whether any of them, or the proceeds of any of them, have been brought within this jurisdiction since letters were granted here; to which the executor objects, upon the ground that he can be called to account here only for such assets as the testator left in this State, and which were here at the time when the letters ancillary were granted, and that with respect to all other assets, he is to account in the jurisdiction where they are situate, or in the State of Connecticut, where the testator was domiciled at the time of his death, where his will was originally admitted to probate, and where his estate is now in the course of administration:

I think the objection is well taken. Our statute provides that in all cases where persons not inhabitants of this State shall die, leaving assets in the State, and letters-testamentary have been granted by competent authority in any other State of the

property, situated or not in the place where his testator had resided, he certainly can dispose of it after probate, although he cannot enforce the possession of it under a foreign jurisdiction without complying with the preliminary requirements of the laws of that jurisdiction.

The plaintiff, I think, is clearly entitled to judgment.

* During a vacancy in the office of Surrogate, the Hon. Charles P. Daly, the First Judge of the New York Common Pleas, discharged the duties of the office.

Union, that the person so appointed, on producing such letters, shall be entitled to letters of administration, in preference to all other persons. (2 *Rev. Stat.*, 75, § 31; *same stat.*, 3 *Ib.*, 5 ed., 159, § 31.)

The design of this provision was to enable an executor who had obtained letters in another State, to possess himself lawfully of the assets which the testator had left in this State, and for those assets he must account here. If, however, he has, before letters ancillary were granted to him, collected debts in this State, or otherwise previously possessed himself of property which the testator left here, he is not to account here for such assets, but to the jurisdiction where the will was originally admitted to probate, and where the estate is to be generally administered. (Parsons *a.* Lyman, 20 *N. Y.*, 103; 28 *Barb.*, 564; 4 *Bradf.*, 268.)

The object of the legatee in the present case, by the examination which he wishes to institute, is to ascertain not merely what assets were left by the testator in this State, but whether the executor has not, since letters ancillary were granted to him, brought here assets belonging to the estate, with the view of requiring him, if such should be the fact, to account for them here; and this, in my judgment, the legatee cannot do. If they were not collected or realized in this State, by the executor after he took out letters here, he is to account for them in the jurisdiction in which they were situate at the time of the testator's death, or in Connecticut, where the testator's estate is in the course of general administration.

As the term " ancillary" denotes, the administration here is in a certain sense subordinate to the more general administration in Connecticut. "The assets of foreigners," says Story, " are collected under what is called an ancillary administration (because it is subordinate to the original administration), taken out in the country where the assets are locally situate." (*Story's Equity Jurisprudence*, § 583; *Story's Conflict of Laws*, ch. 13, 512–519.) And this term was employed by Chancellor Walworth in Vroom *a.* Van Horne (10 *Paige*, 549), as descriptive of the kind of administration for which provision had been made by our statute. By a principle universally recognized, the interpretation of the testator's will, and the distribution of his estate, is regulated by the *lex domicilii*, and the accounting of

Coley's Estate.

the executor here is to be carried no further than may be neces-
sary to enable our own citizens to secure their claims out of
assets situate within our own jurisdiction; after which, and the
payment of expenses, the further administration of such assets,
it is generally conceded, is to be left to the jurisdiction where
the estate is to be finally closed.

If the person calling the executor to account was a resident
creditor here, I should feel disposed to go very far in assisting him
to ascertain, by a proceeding like this, what portion of the tes-
tator's estate was situate here, irrespective of the circumstances
under which it came within our jurisdiction; that he might have
whatever remedy for the payment of his debt our tribunals
could afford him. But a legatee, who is a partaker of the tes-
tator's bounty, may very well be remitted to the jurisdiction
where the estate is to be generally administered. It has, in sev-
eral cases, been held that the beneficiary who seeks the payment
of a legacy, must resort to the jurisdiction of the State or coun-
try where the testator was domiciled at the time of his death,
where letters-testamentary were originally granted, and that
the payment of it will not be decreed by a foreign tribunal, out
of assets situate within its jurisdiction, which are under admin-
istration ancillary. (Selectmen of Boston *a.* Boyleston, 2 *Mass.,*
384; 9 *Ib.,* 337; Fay *a.* Haven, 3 *Metc.,* 109, 114; Jennison *a.*
Hopgood, 10 *Pick.,* 77.) This is, as a general rule, a correct
one, to prevent all possibility of a conflict of jurisdiction to
secure the creditors, wherever situate, against losing any part
of their claims through a payment to legatees; and generally to
prevent the doing of any act on the part of independent juris-
dictions which might cause a different result in the disposition
of his estate from what the testator intended. As a general rule
of comity, it recommends itself by its eminent justice and pro-
priety, but still, like every other rule, it has its exceptions. If
the bulk of the testator's estate is within the jurisdiction where
administration ancillary has been granted, if there is nothing in
the will to indicate the possibility of any question arising under
it, and debts have been paid, or the amount of them has been
fully ascertained by the ordinary course of procedure in both
jurisdictions, and it is apparent to the court that no injury could
possibly arise to creditors or legatees by decreeing the payment
of a legacy, then there is no reason why the payment of it should

. ,not be decreed out of assets situate within the jurisdiction where the legatee resides. No rule of comity demands that the legatee in such a case should be turned over to the tribunals of the State or country where the testator was domiciled at the time of his death. Nothing has been laid before me to show that the application of the legatee in the present case presents such an exceptional instance, and I shall, therefore, hold that the executor is not required to account generally here for assets which have been returned by him and included in the inventory which he has filed in Connecticut, but that he is to account for such assets only as may have been collected or realized by him in this State since the letters ancillary were granted to him.