NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—July, 1883.

EVANS v. SCHOONMAKER.

*In the matter of the estate of* JOHN O. EVANS, *deceased.*

Code Civ. Pro., § 2699, relating to the grant of ancillary letters testamentary or of administration, authorizes a Surrogate, upon the issuance of such letters, to fix the penalty of the official bond in his discretion, except that he cannot require any larger penalty than twice the amount which appears to be due to resident creditors.

The limits of a Surrogate's jurisdiction to issue ancillary letters testamentary or of administration are established by Code Civ. Pro., § 2476, which section, taken in connection with those specially relating to the issuance of such letters (§§ 2695—2699) makes the existence of property of the decedent in this State, a condition of the acquirement of jurisdiction to issue the same.

Where application was made for the grant of letters of administration ancillary to domiciliary letters granted by the Orphan's court of the District of Columbia, which application was opposed by a creditor, except upon condition of the exaction of a bond, and it appeared that no property of the decedent was within this State,—*Held,*

1. That no bond should be required.
2. That no letters could issue.

APPLICATION by Carrie B. Evans, decedent's widow, for ancillary letters of administration on his estate; opposed by Daniel W. Schoonmaker, a creditor. The facts appear sufficiently in the opinion.

PEABODY, BAKER & PEABODY, *for administratrix.*

SIDNEY F. SHELBOURNE, *for creditor.*

THE SURROGATE.—The widow of this decedent has applied for ancillary letters of administration upon his estate. One who claims as creditor asks that, if her petition be granted, she be required to give a bond, in a sum sufficient to secure the payment of his claim. Under § 2699 of the Code of Civil Procedure, the Surrogate is authorized, upon the issuance of ancillary letters, to fix the penalty of the bond in his discretion, except that he cannot require any larger penalty than twice the amount which appears to be due to resident creditors. In exercising, in the present case, this discretionary power, I see no reason for requiring a bond in any larger sum than double the amount of the assets within this jurisdiction. It appears that, in November, 1882, the petitioner was appointed administratrix of this estate by the Orphan's court of the District of Columbia, which was the place of the decedent's domicil at the time of his death. She alleges, in her petition, that all the assets of this estate are now in her possession in the city of Washington, in the District of Columbia, and were in her possession there, on November 18th, 1882, the day when the petitioning creditor commenced his proceedings in this court for the appointment of an administrator.

It is not alleged in opposition that there is now within this jurisdiction any property whatever belonging to the estate, and, as the petitioner can be called to account for the assets now in her hands only in the jurisdiction where she obtained her original letters

(see Parsons v. Lyman, *20 N. Y., 103;* Coley's Estate, *14 Abb. Pr., 461;* Petersen v. Chemical Bank, *32 N. Y., 43*), I see no basis for fixing the penalty of a bond, and no reason for exacting any bond at all.

Why, indeed, should ancillary letters be issued in this county? And what facts exist which give the Surrogate jurisdiction to grant such letters? The limits of that jurisdiction, in such matters as the present, are established by § 2476 of the Code of Civil Procedure. Certainly, this case can fall under no subdivision of that section, unless it may be subdivision 2; and in none of the papers before me is there any sufficient allegation that the decedent at his death left any assets in this State.

I must, therefore, deny not only the application of the creditor in relation to the penalty of the bond, but the application of the petitioner for the grant of letters; both denials without costs to either party.

Ordered accordingly.