MARGARET VAN GIESON'S executor

*v.*

WILLIAM S. BANTA et al., executors.

The complainant claimed that, as a residuary legatee, he was entitled to a part of a fund in defendants' hands, under what the complainant insisted was a void bequest.—*Held*, that, as the testator was at the time of his death a non-resident (he lived in New York, where the will was proved), and his will had never been proved in this state, nor recorded here, as authorized by the statute, the complainant was not entitled to relief, although the bill states that the fund is under the control of the defendants, who reside in this state and are the executors of the surviving executor of the will by which the bequest was made.

Bill for relief. On final hearing on bill, answer and replication.

*Mr. C. H. Voorhis,* for complainant.

NOTE.—In *McNamara* v. *Dwyer, 7 Paige 239,* jurisdiction was sustained over a resident of Louisiana, who was temporarily in New York on his way to Ireland, as the administrator of an intestate who died in Ireland, on the application of the next of kin, residing in New York, the bill alleging that the defendant had been appointed administrator in Ireland, had collected the assets of the estate, brought them to this country and squandered them here. See *Allsup* v. *Allsup, 10 Yerg. 282; Dillard* v. *Harris, 2 Tenn. Ch. 196;* but see *Mellus* v. *Thompson, 1 Cliff. 125; Dawes* v. *Boylston, 9 Mass. 337; Brownlee* v. *Lockwood, 5 C. E. Gr. 239; Sparks* v. *White, 7 Humph. 86; Brown* v. *Brown, 1 Barb. Ch. 189; Alger* v. *Alger, 31 Hun 471.*

In *Caldwell* v. *Maxwell, 2 Tenn. 102,* an executrix of a testator, who was domiciled and died in Virginia, removed to Tennessee with the effects of the estate, and was held liable to be called to account in the latter state by the legatees, residents also of Tennessee.

In *Gravely* v. *Gravely, 20 S. C. 93,* an executrix, resident in England, of a testator who had died there, proved the will both in England and in South Carolina. Whether a *cestui que trust* could maintain a suit against him in South Carolina, for misconduct in regard to the investment of the trust fund in England, was held to depend on whether (supposing the testator to have been domiciled in England) there were assets in South Carolina when the suit was brought.

In *Campbell* v. *Tousey, 7 Cow. 64,* a non-resident executor was held liable,

Van Gieson *v.* Banta.

*Mr. A. Zabriskie,* for defendants.

THE CHANCELLOR.

The bill is filed by the executor of Margaret Van Gieson, deceased, against the executors of Abraham Westervelt, deceased, for a decree declaring invalid a bequest of $500 in the will of Garret H. Van Wagoner, deceased, and ordering that one-third of the amount, with its accumulations, be paid to him. By the

at law, in New York, as an executor *de son tort,* for assets collected in New York; see *Vermilya* v. *Beatty, 6 Barb. 429; Metcalf* v. *Clark, 41 Barb 45; Marcy* v. *Marcy, 32 Conn.* 308.

In *Tunstall* v. *Pollard, 11 Leigh 1,* an executor who had taken probate of his testator's will and letters testamentary in England, and collected the assets and brought them into Virginia, but never qualified as executor in Virginia, was held liable to be sued by the legatees, in the court of chancery of Virginia, for an account of his administration and for the unpaid legacies; see *Dickinson* v. *Hoomes, 8 Gratt. 414; Colbert* v. *Daniel, 32 Ala. 314; Montalvan* v. *Clover, 32 Barb. 190.*

In *Olney* v. *Angell, 5 R. I. 198,* the legatees of a will made in Wisconsin, by a testatrix domiciled there, were held capable of maintaining a suit in Rhode Island, against an administrator of the testatrix, appointed in Rhode Island, for an account of the assets which had come into defendant's hands in Rhode Island, and for the amount of their legacies; see *Tourton* v. *Flower, 3 P. Wms. 369.*

In *Brown* v. *Knapp, 17 Hun 160, 79 N. Y. 136,* a testator, domiciled in Connecticut, gave a legacy to his infant grandson living in New York, payable when he should attain twenty-one years of age, and appointed an executor, also living in New York. The executor passed his final account in Connecticut.—*Held,* that the grandson could maintain a suit against the executor in New York, to recover interest on his legacy during his minority (because the testator stood towards him *in loco parentis*), and that the rate of interest fixed by law in Connecticut should govern.

In *Price* v. *Brown, 60 How. Pr. 511,* a surviving executor and trustee alleged, in a suit in equity, that his co-executor had received all the funds of the estate, most of which was situated in New York, where their testator was domiciled, and where his will was proved and his executors qualified; that such co-executor had mismanaged and squandered the estate; that plaintiff is a legatee of the estate, as well as executor; that his co-executor was a resident of New Jersey at the time of his death, and that the defendant is his executor, and proved the co-executor's will in New Jersey, and also resides there.— *Held,* that the defendant could be called to account for the acts of his testator (complainant's co-executor), in the courts of New York.

In *Davis* v. *Morris, 76 Va. 21,* a citizen of Mississippi, by will, appointed a

bequest, the testator intended to create a permanent fund, the interest whereof was to be expended in enclosing, keeping in repair and improving a designated public burying-ground in Bergen county. The complainant insists that the bequest is not a valid charity, and that therefore those who, under the will, are entitled to the residue of that part of the estate from which the bequest was taken, are entitled to the fund and its accumulations. By the will, the testator, after directing sale of his real estate,

citizen of Virginia trustee of a legacy for his daughter and her children. The daughter and her only child, after testator's death, became residents of Virginia.—*Held*, that the child, after her mother's death, could maintain a suit in Virginia against the executors of the trustee, for his alleged breach of trust committed•in reference to testator's estate in Mississippi, although it appeared that there was then pending in Mississippi a suit by another legatee against the same defendants, to recover another legacy, and that defendant was also a party thereto.

In *Palmer* v. *Phœnix Ins. Co., 84 N. Y. 63*, an executor, residing in New York, of a testator domiciled in Connecticut, having proved the will in both states, was held capable of bringing an action in New York against a Connecticut insurance company, on a policy issued by the defendants on his testator's life.

In *Moore* v. *Lewis, 21 Ala. 580*, the administrator of a legatee filed a bill in Alabama to recover a legacy given to his intestate by a will proved in Cuba, and relief was denied ; see *Jemison* v. *Smith, 37 Ala. 185*.

In *Campbell* v. *Wallace, 10 Gray 162*, a *cestui que trust* claimed under a will duly probated in England, but not in Massachusetts, nor was a copy thereof filed there. *Held*, that the court had no jurisdiction, although the defendant, the trustee, seems, from the report of the case, to have been a resident of Boston.

In *Porter* v. *Trall, 3 Stew. Eq. 106*, a non-resident testator held a mortgage on lands in New Jersey.—*Held*, that his executors could not, on merely filing an exemplified copy of the will in the county where the mortgaged premises were situated, foreclose the mortgage, their capacity being objected to by answer; but see *Doolittle* v. *Lewis, 7 Johns. Ch. 45 ; Averill* v. *Taylor, 5 How. Pr. 476 ; Hayes* v. *Frey, 54 Wis. 503 ; Eells* v. *Holder, 2 McCrary 622*.

In *Sneed* v. *Ewing, 5 J. J. Marsh. 460*, a will proved in Indiana and unrecorded in Kentucky, was held inadmissible as evidence of a devise of lands lying in Kentucky, in a suit in the latter state; see *Bromley* v. *Miller, 2 T. & C. (N. Y.) 575 ; Hood* v. *Mathers, 2 A. K. Marsh. 553 ; Ives* v. *Allen, 12 Vt. 589 ; Wilson* v. *Tappan, 6 Ohio 80 (172)* ; *Budd* v. *Brooke, 3 Gill 201 ; Ward* v. *Hearne, Busbee 184*.

In *Paschal* v. *Acklin, 27 Tex. 173*, a will was probated in Tennessee, on

Van Gieson v. Banta.

and making disposition of one-half of the proceeds thereof, gave, out of the other half of the proceeds, certain legacies, and made the bequest before mentioned, and then gave all the rest and residue of that half to three persons, of whom the complainant's testatrix was one. The testator resided in the city of New York at the time of his death. His will was made and proved there. Only one of his executors, Abraham Westervelt, proved it. He and the other persons named as executors in it are dead. Mr.

proof which would authorize its probate in Texas, but a certified copy of the will and of its probate was deemed inadmissible evidence of a devise of lands in Texas.

In *Scruggs* v. *Driver*, *31 Ala. 274*, a testator residing in Tennessee gave to his wife certain bequests in lieu of her dower. She dissented, and, before her dower and distributive share of the estate had been allotted to her, the executors made a contract with her agent to purchase her interest in the estate. At the time the contract was made the widow was dead, but this fact was not known to the executors nor to her agent. On a bill filed by the executors in Alabama against *her* executor to cancel their contract, on the ground of mistake—*Held*, that a cross-bill to compel the plaintiffs to account for her share of the estate, would not be entertained, there appearing to be no danger of loss if defendant should be remitted to Tennessee for its recovery, and it also appearing that there were no assets of the estate in Alabama. See *Coley's Estate, 14 Abb. Pr. 461*.

In *Woodruff* v. *Young*, *43 Mich. 548*, complainant filed a bill in equity, alleging that her father had died in New York, leaving a will, which was duly probated there, whereby he gave one-third of his estate to her mother and the remaining two-thirds to herself, her brother and sister equally, and appointed her mother executrix; that her mother duly qualified and administered on the estate,.in New York, and is still the executrix thereof; that afterwards complainant removed to Michigan; that the estate is not yet settled; that no accounting has been had with her, nor her share paid; and that one of the defendants, her sister's husband, is fraudulently appropriating the estate to his own use, and denies complainant's claim to any part thereof.—*Held*, that the courts of Michigan had no jurisdiction over the matter.

In *Stamps* v. *Moore*, *2 Jones (N. C.) 80*, one domiciled in Virginia made a will appointing an executor, who also resided there, and who proved the will there, and undertook its execution. By the will certain slaves in North Carolina were bequeathed to the plaintiff.—*Held*, that he could not maintain detinue for them, because the executor could not "assent" to the legacy of the slaves without making probate of the will and taking out letters testamentary in North Carolina. See *Alfonso's Appeal, 70 Pa. St. 347*.

In *Hedenberg* v. *Hedenberg*, *46 Conn. 30*, it was held that, where an executor of a testator domiciled in New York, who was himself domiciled there at the

Westervelt died in this state, where he resided, and his will was proved here by the defendants and the late Abraham O. Zabriskie, his executors. The surviving executors have control of the fund in question. It is enough to say, to dispose of this case, that the complainant has established no title to relief. The will under which he claims has never been admitted to probate in this state, nor filed and recorded here under the provisions of the orphans court act in reference to the filing and recording of

time of his testator's death, afterwards moved into the state of Connecticut to reside, and brought with him property of his testator, he could not be held liable, in the latter state, to a creditor of his testator to the extent of the property brought there.

In *Jenkins* v. *Lester, 131 Mass. 355,* a trust fund was created under the will of a New York testator for the benefit of his daughter Caroline, and his wife was made trustee. She proved the will in New York and accepted the trust. Complainant, as well as Caroline and her husband, resided in Maryland, and the trustee in Massachusetts. Complainant, claiming to be a creditor of Caroline, sought relief against her and her trustee in a Massachusetts court, and to obtain payment of his debt from the trust fund. The trustee had never accounted in New York.—*Held,* that the creditor could not obtain the relief sought, because Caroline herself could not have enforced the trust in Massachusetts; see, also, *Leland* v. *Smith, 131 Mass. 358, note; Emery* v. *Batchelder, 132 Mass. 452.*

In *Field* v. *Gibson, 20 Hun 274,* an executrix appointed in New Jersey, who had taken possession of premises rented by plaintiff to her testator, was held not liable to be sued *at law* for the rent thereof. *Query,* whether she would have been liable *in equity* for an accounting. See *Atchison* v. *Lindsay, 6 B. Mon. 86 ; Patterson* v. *Pagan, 18 S. C. 584.*

In *Webb's Case, 11 Hun 124,* plaintiff began an action at law against B. for breach of covenant against encumbrances in a deed made by B. to plaintiff. Pending the action, B., a resident of New Jersey, died, and letters testamentary on his will were granted to his three sons in New Jersey. *Held,* that the action could not be revived against them by service on one of them in New York.

In *Mahnken's Case, 9 Stew. Eq. 518,* four minor children, domiciled in Germany, where their mother also resided at her death, and where their guardian had been appointed, petitioned the court in this state for an order requiring their father's executors, who were residents of New Jersey, to pay to them or their guardian, the moneys due their mother from their father's estate. Their mother was alleged to have bequeathed to them all her property, but her will had not been proved here, nor any administration on her estate granted.— *Held,* that, the executors objecting, they could not be ordered to pay over the money, either to the children or to their guardian, although they admitted

Van Gieson v. Banta.

foreign wills. *Rev. p. 757*. It cannot be received as evidence of any right of the complainant to the fund, or any part thereof, if the bequests which he seeks to attack were declared invalid. *Tyler* v. *Bell, 2 My. & Cr. 89; Bond* v. *Graham, 1 Hare 482; Ryves* v. *Duke of Wellington, 9 Beav. 579; Armstrong* v. *Lear, 12 Wheat. 169; Brown* v. *Brown, 4 Edw. Ch. 343; Campbell* v. *Sheldon, 13 Pick. 8*. The validity of the bequest must be decided by the law of the state where the will was made and the

that they held for the mother's estate the amount claimed by the children; and that they would be required to pay it only to a legal representative of the mother here.

In *Musselman's Appeal, 101 Pa. St. 165*, a testator residing in North Carolina appointed his brother, residing in Pennsylvania, his executor and trustee. The executor qualified in North Carolina in 1852, and filed an inventory, but never filed an account there. In 1874 he died, and M. was appointed administrator *de bonis non cum testamento annexo* of the testator.—*Held*, that the executor and children of one of the *cestuis que trustent* could not sustain a suit in Pennsylvania to recover such sums as should be found to be due them under the will. See *Van Dyke's Appeal, 31 Leg. Int. 69; S. C., Van Dyke* v. *Van Dyke, 9 Stew. Eq. 521, 11 Stew. Eq. 280*.

It has been held that a non-resident plaintiff could not maintain a suit in another state, against executors appointed in a third state, *Magraw* v. *Irwin, 87 Pa. St. 139;* but, in *Slatter* v. *Carroll, 2 Sandf. Ch. 573*, a Maryland creditor of a testator who also lived in Maryland, was held capable of suing, in New York, the trustee who lived in New York, for the proceeds of lands lying in New York and devised to the trustee.

In *Naylor* v. *Moody, 2 Blackf. 247, 3 Blackf. 91*, filing, in Indiana, letters testamentary granted to plaintiffs in Kentucky, was held insufficient to authorize plaintiffs to maintain a *scire facias* to revive a judgment obtained by their testator against the defendant—the letters should have been also recorded; see *Sayre* v. *Helme, 61 Pa. St. 299*.

To maintain a suit in another state, an executor must allege the probate of the will in his bill, *Pelletreau* v. *Rathbone, Sax. 331; Pitts* v. *Melser, 72 Ind. 469; Kerr* v. *Moon, 9 Wheat. 565; Noonan* v. *Bradley, 9 Wall. 394;* see *Beckham* v. *Wittkowski, 64 N. C. 464; Berney* v. *Drexel, 12 Fed. Rep. 393;* and, if alleged, probate may be taken out at any time before the hearing, *Osgood* v. *Franklin, 2 Johns. Ch. 1, 14 Johns. 527; Smith* v. *Feckham, 39 Wis. 414*.

But where the complainant claims, as heir, that the will is void, and sets it out in his bill, the *defendant*, as executor, need not allege or produce its probate, *Tarver* v. *Tarver, 9 Pet. 174*.

What is a sufficient certification of domiciliary probate to authorize probate of a foreign will, or its admittance as evidence in another state, *Chrisman* v. *Gregory, 4 B. Mon. 473; Melvin* v. *Lyons, 10 Sm. & Marsh. 78; Applegate* v.

Van Gieson v. Banta.

testator was domiciled. *Story Confl. Laws* § *479 c.* The fact that according to the bill a part of the estate is under the control of the surviving executors of the executor of the will, and that they reside in this state, does not, of itself, give jurisdiction. It is claimed by the complainant that the fund in question is part of the residue of the proceeds of the one-half of the testator's real estate, from which it was taken, and that he is, therefore, under the will, entitled to one-third of the fund. He claims directly under the will, and that, in the administration of the assets under it, he is entitled to the money which he seeks to obtain by this suit. The bill will be dismissed, with costs.

*Smith, 31 Mo. 166 ; Townsend* v. *Moore, 8 Jones (N. C.) 147 ; Isham* v. *Gibbons, 1 Bradf. 69 ; Donegan* v. *Taylor, 6 Humph. 501 ; Slaughter* v. *Cunningham, 24 Ala. 260 ; Turner* v. *Linam, 55 Ga. 253 ; Lancaster* v. *McBryde, 5 Ired. 421 ; Otto* v. *Doty, 61 Iowa 23 ; Carpenter* v. *Denoon, 29 Ohio St. 379 ; Bradstreet* v. *Kinsella, 76 Mo. 63 ; Townsend* v. *Downer, 32 Vt. 183.*

In *Gray* v. *Ryle, 18 Jones & S. (N. Y.) 198,* plaintiff sued defendant, as executrix, to recover money alleged to be due him on a contract with her testator. The defendant, who had been appointed in New Jersey, did not demur, but appeared and answered on the merits. At the trial, she moved to dismiss the complaint for want of jurisdiction.—*Held,* that it must be dismissed because plaintiff had not averred that defendant had brought into New York assets of the estate, and, as this concerned the power of the court, it was not waived by defendant's appearance and answer.

See, further, *9 Am. Law Reg. 577, 641 ; Stirling-Maxwell* v. *Cartwright, L. R. (9 Ch. Div.) 173, (11 Ch. Div.) 522, 26 Moak 10, 14, notes.*

It has been held that a guardian may sue or be sued anywhere. *Morrison's Case, 1 H. Bl. 665 ; Pedan* v. *Robb, 8 Ohio 227 ; Moore* v. *Hood, 9 Rich. Eq. 311 ; Beeler* v. *Dunn, 3 Head 87 ; Rinker* v. *Streit, 33 Gratt. 663 ; Hickman* v. *Dudley, 2 Lea 375 ;* but see *Morrell* v. *Dickey, 1 Johns. Ch. 153 ; Curtis* v. *Smith, 6 Blatch. 537 ; Leonard* v. *Putnam, 51 N. H. 247 ; Todd* v. *Rhoads, 37 Pa. St. 60 ; West* v. *Gunther, 3 Dem. (N. Y.) 386 ; Vincent* v. *Starks, 45 Wis. 458 ; Trimble* v. *Dzieduzyiki, 57 How. Pr. 208.*—Rep.