## In re PROUT'S ESTATE.

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

EXECUTORS AND ADMINISTRATORS—BONDS—ANCILLARY ADMINISTRATION.

Code Civil Proc. N. Y. § 2699, relating to the qualification of persons to whom ancillary letters of administration are granted, provides "that the penalty of the bond may, in the discretion of the surrogate, be in such a sum, not exceeding twice the amount which appears to be due from the decedent to residents of the state, as will, in the opinion of the surrogate, effectually secure the payment of those debts." *Held*, that the provision is permissive, not mandatory; and, where the bulk of the estate which will come to the administrator is within the state, the surrogate may properly require a bond in a penalty of double the amount of the personal property of the deceased within the state.

Appeal from surrogate's court, Kings county.

Application of Hannah M. Prout, widow of James D. Prout, deceased, for ancillary letters of administration upon his estate. From an order requiring her to give bond thereon in a penalty double the amount of the personal property within the state, the petitioner appealed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

W. J. Groo, for appellant. G. H. & F. L. Crawford, (G. H. Crawford, of counsel,) for Moses P. Prout, respondent.

DYKMAN, J.　James D. Prout died at Asbury Park, Monmouth county, N. J., where he resided, on the 29th day of June, 1889, leaving, him surviving, his widow, Hannah M. Prout, and Charles Dusenbury Prout, an infant five months old, his only child and heir at law.　The deceased died intestate, and his widow was appointed the administratrix of his estate by the surrogate of Monmouth county, on the 1st day of August, 1889, upon her own petition, which stated that the personal property of the deceased in the state of New Jersey did not exceed the sum of $2,500, and she executed a bond upon the issuance of such letters of administration to her in the penalty of $5,000. About the time of the issuance of letters of administration to the widow she was also appointed guardian of her son by the surrogate of Monmouth county. Thereafter she removed to Brooklyn, and made application to the surrogate of Kings county for ancillary letters of administration upon the estate of her deceased husband by a petition in which she stated that James D. Prout left personal property in Kings county not exceeding $40,000 in value, which remained unadministered.　Upon the return of the citation issued upon such petition, a claim of $7,371.73 was filed against the estate by a resident of Kings county, and the petitioner claimed the right to ancillary letters upon giving a bond in double the amount of such claim; or, in other words, she claimed that the surrogate was limited in the exercise of his discretion respecting the amount of the bond to a sum not exceeding twice the amount which appeared to be due from the decedent to persons residing in this state. The surrogate, however, required a bond in a penalty of double the amount of the personal property of the deceased in this state, and the petitioner has appealed from that portion of the order.　The question presented by this appeal lies under the control of section 2699 of the Code of Civil Procedure, which reads as follows: "Upon the return of the citation the surrogate must ascertain as nearly as he can do so the amount of debts due or claimed to be due from the decedent to residents of the state.　Before ancillary letters are issued, the person to whom they are awarded must qualify as prescribed in article 4 of this title, for the qualification of an administrator upon the estate of an intestate; except that the penalty of the bond may, in the discretion of the surrogate, be in such a sum, not exceeding twice the amount which appears to be due from the decedent to residents of the state, as will, in the surrogate's opinion, effectually secure the payment of those debts or the sums which the resident creditors will be entitled to receive from the persons to whom the letters are issued, upon an accounting and distribution, either within the state or within the jurisdiction where the principal letters were issued."　This statute bestows upon the surrogate the power to dictate the size of the bond to be executed upon the issuance of ancillary letters of administration in this state, and endows him with discretion in the exercise of such official power.　In our view, however, such discretion is not limited by any fixed boundaries, but is a judicial discretion to be exercised with wisdom for the protection of the estate and all persons interested therein.　The words "except that the penalty of the bond may, in the discretion of the surrogate, be in such a sum, not exceeding twice the amount which appears to be due from the decedent to residents of the state" are permissive and not mandatory, and they imply no circumscription of the power of the surrogate. He may fix the penalty of a bond in a sum which will secure the payment of the claims of domestic creditors, and in a proper case there would be no necessity of doing more.　In a case where all the property of an intestate decedent which would come to the hands of an administrator was in the state where the original letters were granted, and the penalty of the bond of the administrator had been fixed with reference to that fact in a sum sufficient to protect the estate, then and in such a case, upon application for subsidiary letters in this state, the penalty of the bond might, in the discretion of the surrogate, be in a sum that would effectually secure the payment of the debts

which appeared to be due from the decedent to residents of this state. But where, as in this case, the bulk of the estate which will come to the administrator is in this state, the surrogate would not be justified in issuing letters ancillary upon a bond which would leave the estate insecure. The exception in the statute invests the surrogate with a discretion in fixing the penalty of the bond, and it was not the intention of the legislature to compel him to make the same less than twice the amount due to residents of this state. The case of *Evans* v. *Schoonmaker*, 2 Dem. Sur. 249, is not antagonistic to our view. In that case all the assets of the estate were in the possession of the administratrix in the city of Washington, where she was appointed, and it did not appear that there was any property within the jurisdiction of the surrogate of New York, and he simply said that he saw no reason for the exercise of his discretion to require a bond in any sum larger than double the amount of the assets within his jurisdiction. This statute should have a broad and liberal construction to enable surrogates to exercise a wide discretion for the protection of the important interests intrusted to their administration, free from danger and without oppression. The order appealed from should be affirmed, with costs to be paid from the assets in this state.