### Virginia Boyd, Executrix, et al. *vs.* Lovie Lambeth.

Where the agent or manager of a plantation and slaves, which have been conveyed in trust to pay debts, purchases property necessary to carry on such plantation, the equity, if any, thus created in favor of the vendor of such property, does not attach to the equity of redemption alone, but also to the trust property itself.

An administrator, appointed by the courts of another State, cannot sue or be sued, as such, in this State.

In error from the circuit court of Madison county; Hon. Robert C. Perry, judge.

The opinion of the court contains a full statement of the facts.

*H. A. H. Lawson,* for plaintiffs in error.

The demurrer to the bill should have been sustained, instead of overruled by the court below.

1st. Because the complainant had no right to come into equity until he had recovered a judgment at law. 11 S. & M. 366; (on this point the authorities are numerous.) Nor is this a bill filed under the statute, with the view of attaching the effects of an absent defendant. There is no restraining order prayed for in the bill, nor indorsed on the subpœna, nor even made by the court. See 2 Robinson's Practice, 201–204.

2d. Because of a want of proper parties. The bill was de-

fective in not making the beneficiaries in the deed of trust parties to the suit. Story's Eq. Pl. § 207, p. 236.

3d. Because the executrix of George Boyd, in Tennessee, never having qualified in this State, could not be sued here. An executor or administrator cannot sue or be sued out of the territorial jurisdiction granting the letters testamentary, or of administration. 1 Lomax on Executors, 121; Story's Conflict of Laws, 423; *Winter* v. *Winter's Administrators*, Walk. Rep. 211; 2 Kent, 432, and note; 3 Cranch, 319; 1 Ib. 259; 9 Wheat. 565; 5 Peters, 518; 20 Johns. 219, 265.

If no demurrer had been filed in the case, the decree must be reversed, because it orders an equity of redemption in slaves to be sold, and not the slaves themselves. 2 Robinson's Practice, 46; Hopk. R. 306.

*G. Calhoun*, for defendant in error,

Contended, in an argument at length, that there was no error. No case can be produced where it has been held, that in a proceeding *in rem*, in equity, a foreign executor cannot be made a party, on the death of the testator, after suit brought. Walk. R. 180; 1 Stewart, 429. The principle laid down by Lomax, Kent, and authorities cited on the other side, does not apply.

The case of *Winter* v. *Winter's Administrators*, Walk. R. 211, does not apply. There the object was to get a judgment at law against an administrator appointed in another State. The case in 1 Marsh. 299, is in point to sustain this suit.

The court below correctly decreed the sale of G. C. Boyd's interest to pay his debt.

Mr. Chief Justice SMITH delivered the opinion of the court.

This was a bill filed in the circuit court of Madison county, by Lovie Lambeth, against a non-resident defendant and others residing in this State. The object of the bill was to subject to the payment of complainant's demand, the equity of redemption in certain property which was held in trust for the payment of debts, by Thomas Shackleford, one of the defendants, which equity of redemption was alleged to belong to George C. Boyd, the non-resident defendant.

The bill alleges that defendant John C. Boyd and wife, some years before the filing of the bill, conveyed in trust certain land and slaves to said Shackleford, to secure the payment of debts; that, subsequently, John C. Boyd conveyed his equity of redemption in said property to the defendant George C. Boyd; that by the provisions of the trust deed, the said John C. was to have the superintendence of the property, as agent; and that he was also authorized to act as agent by George C. Boyd, after he became the purchaser of the equity of redemption, in all matters touching the superintendence and management of the slaves and plantation.

The bill further states, that John C. Boyd, acting as agent, and finding it necessary to procure additional stock for the cultivation of the plantation, bought of complainant two mules for that purpose, the price being $200, for which, and a small sum in cash, advanced for the use of the plantation by the complainant, he drew an order on the said George C. Boyd, who, upon its being presented for payment, said that he could not then pay it; but he would see John C., and if it were right, he would pay it.

The bill further alleges, that the said mules were used upon the plantation, and were afterwards sold by the trustee with other property embraced in the trust deed, and the proceeds thereof applied to the payment in part of the debts thereby secured.

The bill was filed in December, 1846; process was issued, but was not served upon the defendant, George C., and no attempt was made to give him notice by publication, as directed in such cases by statute.

Matters remained in this condition until 1848, when, George C. Boyd having died in the mean time, the complainant filed a supplemental bill and for a revivor, alleging the death of said defendant in the State of Tennessee; that he had there made and published his will, by which he had appointed Mrs. Virginia Boyd, his widow, his sole executrix; and that Mrs. Boyd was a non-resident of this State, and had qualified as executrix of the will, and had taken out letters testamentary in the State of Tennessee, of which she was a resident. The bill prayed that Jared

Stiles, who had been appointed receiver for said property pending a suit in the superior court of chancery between George C. and John C. Boyd and the said Shackleford, in reference to the same, might be made an additional party to the bill; and that the suit might be revived against Mrs. Boyd, as the executrix of the said decedent.

Stiles filed his answer; and the defendants, Mrs. Boyd, John C. Boyd, and Shackleford, demurred to the bill. The demurrer was overruled, and these parties failing to answer, a *pro confesso* was taken; the suit ordered to be revived against Mrs. Boyd as executrix; and a final decree rendered, subjecting to the payment of complainant's demand, the equity of redemption in certain of the said property which Mrs. Boyd, as such executrix, held; and which the said George C. Boyd held at the time of the filing of the bill.

It is insisted that this decree was erroneous, for several reasons. We shall notice but two of them.

1. It is said that the circuit court, sitting as a court of equity, had no jurisdiction to decree a payment of the claim set up in the bill; that it was purely legal in its character, and that the remedy at law was adequate. There can be no doubt, that if the defendant John C. Boyd were liable on the order, the remedy of the complainant would be exclusively at law. There is no pretence for saying that any interest which he may have in the property held in trust by the defendant Shackleford, could be made subject to the payment of complainant's claim by a resort to equity before he had exhausted his remedy at law. But in regard to this demand, as against George C. Boyd's representative, the question is materially different. The statements of the bill, which are admitted by the demurrer to be true, show that no action at law could have been maintained against Boyd or his executrix, upon any express or implied contract in regard to the mules. If any right whatever arose out of the transaction as it respected George C. Boyd, it was a charge against the property itself of an equitable character, and might, therefore, be a proper subject for relief in chancery.

Jno. C. Boyd, as it appears by the terms of the deed of trust, under which the property in the first instance was held by

Shackleford, was intrusted with the superintendence, and authorized to act as the agent for the same; and, after the transfer to George C. of his equity of redemption, his authority to act as such was continued by the latter. The mules were purchased for the plantation; were employed in its cultivation, and afterwards, as part of the trust property, sold, and the proceeds applied to the payment of the debts due upon it. In making the purchase, he must be considered as agent for the trustee as well as for George C. The act was performed for the benefit of the trust property, and was as beneficial for the *cestuis que trust* as for said Boyd; particularly as the produce of the mules, when sold, was applied to the payment of their demands. Hence, if any right accrued to complainant in consequence of the transaction, it attached to the trust property, and not exclusively to the equity of redemption in the defendant Boyd. The decree rendered in the court below was, therefore, improper.

In the next place, it is objected that the decree was erroneous and void, because it was entered against the defendant Virginia Boyd, in her character of executrix of the will of Geo. C. Boyd, deceased, never having qualified as such, and taken out letters testamentary within the State of Mississippi.

The rule upon this subject is well understood. Every grant of administration, in its operation and authority is strictly confined to the limits of the territory of the government under which it is granted, and does not, as a matter of right, extend to any other country. Hence, a grant of administration in one State, has never been held to confer upon the executor or administrator a right to collect the assets of the testator or intestate in another State; and whenever such authority has been exercised, its exercise has been allowed as a mere matter of courtesy.

The administrator is bound exclusively to account to the proper tribunal of the government under which he derives his authority, for all of the assets he receives by virtue of his appointment. In the application and distribution of these assets, the tribunals of no other country have a right to interpose. Hence, it has become an established doctrine, that an executor or administrator, in his official capacity, cannot sue for

any debts due to his testator or intestate in the courts of another State, and that such executor or administrator is not liable to be sued in his representative character in the courts of the latter for any debt due there by the testator or intestate. 2 Kent, Com. 432, (note); *Vaughan* v. *Northup*, 15 Peters, 9.

There is no ground for the assumption that this suit should be regarded as an attachment in chancery, under the attachment law in regard to non-resident debtors. There is no incident connected with the proceeding, which stamps it with the character of an attachment. It was evidently not regarded as such by the court or the counsel. But if it were an attachment in chancery, the results claimed in argument would not follow. George C. Boyd, the alleged debtor, was an indispensable party to the proceeding, even if it could be considered in the character of an attachment in chancery; and if so, having died pending the suit, it was necessary to revive against his representative before a decree could be had, subjecting the assets in this State to the payment of the complainant's demands.

Let the decree be reversed, and the cause remanded.