MERCEDES G. MONTALVAN *vs.* BERTRAND CLOVER, MAT-THEW J. GLENTON and others.

A court of equity has jurisdiction over foreign executors, where they are sued, not for any liability of their testator, or his estate, but on their own liability for the wrongful use or misapplication of the trust funds which have come to their hands.

Hence, where it appears that all the debts of the deceased have been paid, and that the executors have a large sum of money in hand belonging to the estate, which they are using in their joint commercial enterprises, and that the estate is in jeopardy, the court will, on the application of a legatee, order the executors to invest his share of the estate at interest, in the manner directed by the will.

DEMURRER to complaint. The complaint alleged that the plaintiff was one of seven surviving children of Jonas W. Glenton, who died at Leon, Nicaragua, on the 20th of June, 1857. Her father left an estate, mostly personal, worth from $30,000 to $40,000, exclusive of a large claim (of little or no value) against the government of Nicaragua. By an instrument which the defendants claimed to be a valid

will, his estate was left in trust, for the equal benefit of his said seven children, and the defendants were appointed trustees. Among other things, the trustees were required, when the estate is " collected, *and as it is collected,*" to put it " out at interest in some good corporation in Boston or New York, or some good real estate in the United States," for the use of the said children. The parties were all resident in the city of New York, at the commencement of the action. The complaint further alleged that the defendants had received rising of $38,000 in cash; more than $25,000 up to January, 1858, and the bulk of the balance in May, 1858. That they claim a debit of some $8000 for payments, expenses and commissions, and of $1500 received and used by Matthew J. Glenton under claim of right as legatee. That they keep no separate account of the trust estate, but mingle and use it with their own in their business, and for their common support. The plaintiff charged that the trustees had neglected to invest the fund as required; that it was in use in their business and at hazard, they having no or little pecuniary responsibility; and prayed that an account might be taken, and a receiver appointed of her share, (now some $5000,) to be invested for her security, and the income to be paid to her.

The defendants Clover and Matthew J. Glenton demurred to the complaint, assigning for cause, that this court has no jurisdiction of the subject of the action; the estate, and its administration being exclusively foreign.

*J. C. Van Cott,* for the plaintiff.

*Charles Edwards,* for the defendants.

LEONARD, J. The plaintiff, by her complaint, demands that the defendants Clover and Glenton, executors of her father's will, who died in Nicaragua in 1857, where he was domiciled, and where his will was executed and proved,

shall invest her share of the estate, at interest, in the manner directed by the will. She alleges that the executors have collected all of the estate at present collectable, and neglect to put it at interest, as required by the will, but are using it in their joint commercial enterprises; that they have small means, and the estate is in jeopardy; that all the debts of the deceased have been paid, and the executors have a large sum of money in hand belonging to the estate.

These defendants demur, on the ground that the court has no jurisdiction over foreign executors, or that the facts stated in the complaint do not make such a case as will entitle the plaintiff to invoke the aid of a court of equity against foreign executors.

The executors are not sued for any liability of the deceased, or his estate, but on their own liability for the wrongful use or misapplication of the trust funds which have come to their hands. The plaintiff requires them to perform their own duty or obligation, not any liability which existed against the deceased or his estate.

Courts of equity have sometimes granted their aid in behalf of the creditors of deceased persons against foreign executors. In such cases there has been a liability or debt on the part of the deceased, and an improper neglect of trust duties by the foreign executor, or an abuse of trust funds.

The will of the deceased, and the liability of the executors, are to be judged only according to the law of Nicaragua. But what reason is there to suppose that the law of Nicaragua would not require these executors to invest the trust moneys, after the payment of the debts of the deceased, according to the directions of the will? The presumption is certainly in favor of such a claim. The defendants are alleged to be now residing in New York. Possibly they will not again go within the jurisdiction of Nicaragua. Will they thus claim a perpetual exemption from the performance of their duty?

The defendants urge that no proceedings have been taken

Montalvan *v.* Clover.

before the surrogate here. None are necessary. The estate of the deceased has been collected. There is no intervention of executors for that purpose required. There are no debts owing from the estate, and none owing to the estate here. No letters of administration here are necessary to call these executors to account; for the funds in their hands are not unadministered assets. The claim here is for a breach of duty which the defendants have committed, whereby the plaintiff is aggrieved.

The defendants have the right to claim the benefit of the laws of Nicaragua, but there is no reason to suppose that that state does not compel trustees and executors to fulfill their duties.

The obligation of foreign executors to the devisees or legatees under the will of a deceased person domiciled abroad, after the debts of the deceased party have been satisfied, offers no better reason for immunity from the process and judgments of courts of equity in other countries, for their wrongful dealings with the trust funds, than the case of trustees appointed by deed in a foreign country for the abuse of their trust. There is no exclusive locality, for the demand of justice under such circumstances.

The demurrer is overruled, with leave to the defendants Clover and Matthew J. Glenton to answer in twenty days, on payment of the costs of the demurrer.

[NEW YORK SPECIAL TERM, April 3, 1860. *Leonard,* Justice.]