## John Spoon and another v. Edwin Baxter.

*Bill in equity: Res adjudicata.* A bill in equity will not lie to retry matters already adjudicated in.proceedings at law, in the absence of any showing that such proceedings were void or fraudulent, or that they could not have fully disposed of all the equities of the case made by the bill.

*Estates of deceased persons: Accounting: Forum: Home administration.* A suit for a general accounting against the estate of a deceased person must be brought in the forum of the home administration, rather than that of an ancillary one.

*Estates of deceased persons: Administrators: Accounting: Foreign lands: Jurisdiction.* A bill which makes an ancillary administrator alone a defendant will not lie to enforce an accounting as to lands in another state which are within the jurisdiction of the home administration; the interests involved would be such as affect heirs at law, who cannot be compelled to litigate here for lands abroad.

*Submitted on briefs January 27. Decided January 29.*

Appeal in Chancery from Ottawa Circuit.

*Lowing, Cross & Angel,* for complainants.

*Edwin Baxter,* in person, for defendant.

CAMPBELL, J.

The bill in this cause was dismissed by the court below on demurrer.

It is somewhat difficult to ascertain, from the complicated and vague statements contained in it, precisely what equities the complainants seek to rely on, but so far as they are deducible from the prayer of the bill, and by reasonable inference from the rest, it is quite evident the decree below was right in holding the demurrer well taken.

The main object of the bill is to get at an accounting of some partnership matters between complainants and a deceased partner, who was a citizen of Illinois, as well as of certain dealings with a former administrator in this state, and to reach an interest in certain lands in Illinois claimed to have been connected with the partnership interests.

It appears that they have had hearings on their claims before the commissioners of the estate, and that they have litigated other matters in a suit in the circuit court, and as to all of these the adjudications already made dispose of the controversy.    The reasons given for attacking these proceedings are not such as would render them void or fraudulent, or to show any good reason why they should be opened, and we can see nothing to explain why the equities could not have been fully disposed of.    It is really an attempt to retry a terminated controversy.

But there is a more radical difficulty.    A general accounting, of matters extending over more than one state, should be had in the forum of the home administration, rather than in that of an ancillary one.    The assets are claimed to have partly consisted of lands in the state of Illinois, and the bill seeks an account of those, with which the Michigan administrator has no concern.    The interests involved are such as affect heirs at law, who could not be compelled to litigate here for lands abroad.    The bill makes no one a party defendant but the Michigan administrator.    It is impossible to sustain such a bill on any theory.

The decree must be affirmed, with costs.

COOLEY, J., and GRAVES, CH. J., concurred.

CHRISTIANCY, J., did not sit in this case.