FRANCES D. WOODRUFF y. ELIZABETH YOUNG, SETH N. HEDGES ET AL.

*Appearance to demur — Multifariousness — Misjoinder of persons charged with fraud—Estates of decedents—Jurisdiction.*

An appearance for the exclusive purpose of demurring to the jurisdiction does not admit it if the substantial matter of the bill is improper for the cognizance of the court.

A bill is multifarious that seeks to compel an accounting as to the management of an estate, and to enforce complainant's right as devisee, and which charges the executrix with fraud in obtaining from complainant a deed of property, and a co-defendant with individual frauds. It is also demurrable for the misjoinder of defendants, as separate individual frauds cannot sustain a joint litigation, since neither is answerable for the frauds of the other.

Where certain tribunals have acquired jurisdiction over an estate and its representative within their territory, the representative is bound to account to them only for all assets, and the courts of other States cannot interfere. Otherwise, intervening claimants within different foreign jurisdictions may claim through different courts the right of controlling the management of the estate.

Appeal from Jackson. Submitted April 27. Decided June 9.

BILL for accounting, etc. Complainant appeals.

*J. C. Lowell* and *Thomas A. Wilson* for complainant. Foreign executors coming into the forum are liable to suit for assets received in the foreign jurisdiction, *Swearinger v. Pendleton* 4 S. & R. 389; *Evans v. Tatem* 9 S. & R. 252; *Bryan v. M'Gee* 2 Wash. C. C. 337; *Campbell*

*v. Tousey* 7 Cow. 64; *Julian v. Reynolds* 8 Ala. 680; *Slatter v. Carroll* 2 Sandf. Ch. 573; *Scruggs v. Driver* 31 Ala. 274; *McNamara v. Dwyer* 7 Paige 239.

*John D. Conely* and *Alfred Lucking* for defendants Young and Hedges. The jurisdiction to compel an executrix to account is exclusive in the courts of the State where appointed, *Brown v. Brown* 4 Edw. Ch. 343; *Campbell v. Sheldon* 13 Pick. 8; *Campbell v. Wallace* 10 Gray 162; *Fay v. Haven* 3 Met. 114; *Boston v. Boylston* 2 Mass. 384; *Norton v. Palmer* 7 Cush. 523: 2 Redf. Wills 12; Whart. Confl. of Laws §§ 616, 619, 634; Story on Confl. of Laws § 424.

GRAVES, J. This is an appeal in equity against the allowance of a general demurrer and dismissal of the bill. The question whether the appearance, which was expressed as being for no other purpose than to dispute the jurisdiction, did or did not admit it, is hardly worth discussing. If the substantial matter of the bill was manifestly improper for the cognizance of the court, an appearance by solicitor, made expressly for the exclusive purpose of submitting the objection by demurrer, could not render the matter proper.

The complainant sets up that until June, 1857, her father, James Young, together with her mother Elizabeth and herself, and her sister Mary L., and her brother James A. Young, resided in the county of Livingston in the State of New York, where her father owned a large real and personal estate; that he then and there died, leaving a will by which he gave her mother an equal one-third of the entire property, and the residue in equal parts to herself, her brother and sister, and appointed her mother sole executrix; that the will was duly established in the surrogate's court for the county of Livingston, and its execution duly committed to her mother as sole executrix by the usual letters testamentary, and that she "entered upon the discharge of her duties as such executrix, and

has continued to act as such from thence hitherto;" that up to November, 1863, the family, including complainant, lived together in Livingston county and used the estate in common, the executrix exercising full control and having the entire management; that complainant then married her present husband, Charles P. Woodruff, and with him removed from the estate, and some years later established a residence here, and that she now lives in Jackson; that in 1870 her sister married Seth N. Hedges, an attorney at law, and that he, together with his wife and the executrix, have continued to reside in New York; that the estate is still unsettled and her full share not yet paid, whilst her right to anything further is denied; that her brother-in-law Hedges has obtained a complete ascendency over her mother, and holds entire dominion over the estate and refuses to recognize complainant's right, and that no accounting with her has been had or any settlement with her effected. She expressly declares that she files the bill "against the said Elizabeth Young and one Seth N. Hedges, as defendants herein to compel them, and each of them, to account to and with her in relation to their management of said estate, and to enforce and recover her rights as devisee and legatee under the said last will and testament."

But the bill does not stop with the complaints referred to. It introduces separate transactions, and charges complainant's mother with fraudulent practice in obtaining a deed from complainant of property in Dexter, and also charges her brother-in-law Hedges with distinct and individual frauds upon her.

It is quite unnecessary to descend to particulars and repeat the statements found in the bill. That the case it presents, so far as it exhibits anything definite, is one the court cannot tolerate, is extremely plain. In the first place, it undertakes to combine incongruous matters of complaint, and is strictly exposed to the charge of being multifarious; and moreover, in addition to the blending of distinct and independent grievances, it has

the vice of misjoinder of defendants. The separate individual frauds of the executrix and of her son-in-law, if capable of investigation in the same case with the demand for an accounting, are not compatible with each other for joint litigation. Neither the executrix nor Hedges is a proper defendant in respect to the fraud of the other, and it is not apparent that the state of facts would justify the joinder of Hedges in the case for an accounting by the executrix. But beyond these difficulties, the leading purpose of the bill is wholly inadmissible.

The only authority competent to deal with the administration of the estate, in view of its situation and that of the representative, is that of the courts of New York. The estate and the representative are there, and within the scope of the authority of her tribunals, one of which has gained and holds lawful cognizance; and it is to her tribunals that the executrix is exclusively bound to account for all the assets, and no foreign tribunal under the circumstances disclosed has any right to interfere. *Spoon v. Baxter* 31 Mich. 279; *Vaughan v. Northup* 15 Pet. 1, and authorities cited by defendants' counsel.

Many reasons might be cited. Once admit the right of interference in such a case at the instance of a single claimant, and the consequence follows that every foreign jurisdiction having a resident able to set up a claim may intervene at the same time and assume the right to supervise the administration, and require accounting and settlement according to its own views. Any number of intervening claimants may be reaching out at the same time, through as many different tribunals, for the exclusive supervision and winding up of the administration or some part of it, and each entitled equally with every other. A bare reference to some of the possible, and indeed probable consequences, is sufficient to expose the erroneousness of the claim.

The charge against Hedges, of having used complainant's money to buy land in Jackson county in his name, if sufficient to answer any purpose by way of statement

of a cause of action in equity, is confined to Hedges, and does not touch Mrs. Young. It is not necessary to add more.

The decree is right, and must be affirmed with costs.

The other Justices concurred.