Dykmah, J.
This is an action by an administrator to compel the defendant to account for money received by him for the plaintiff’s intestate. The defendant has demurred to the complaint, and has assigned for his objections that it does not state facts sufficient to constitute a cause of action, and that the plaintiff has no legal capacity to sue for the reason that *223 a cause of action accruing in the lifetime of the intestate must be brought by the administrator. Neither of these grounds of demurrer are tenable. The cause of action set out in the complaint is full and perfect against the defendant, it is this : Amelia Schultz, an unmarried lady, died in Germany intestate, leaving a large amount of property, and leaving Louisa Marshall among others her sole heirs and next of kin. Louisa Marshall then resided in the state of New York, and she executed a power of attorney to the defendant authorizing and empowering him to collect her portion of the estate for her.
Under and in pursuance of this power of attorney the defendant was appointed sole administrator of the estate of Amelia Schultz, in Germany, and received all her estate and property amounting to about $56,566. After the payment of all the debts there remains a balance of many thousand dollars which the defendant has brought into this state and converted to his own use in the purchase of property. One-half of this belonged to the plaintiff’s intestate Louisa Marshall, the client and principal of the defendant in the mentioned power of attorney.
The action is, therefore, against the defendant not as administrator founded on a liability of his intestate, but as an individual predicated on his wrongful use and misappropriation of trust funds. If this plaintiff cannot maintain an action against the defendant for the distributive share of his intestate, in the estate which came to the defendant and has been converted by him to his own use, then he will retain the same by virtue of his misappropriation. Plainly there is no such law and the complaint is sufficient (McNamara agt. Dwyer, 7 Paige, 239; Montalver agt. Clover, 32 Barb., 190; Gulick agt. Gulick, 33 Barb., 92). Neither is the second ground of demurrer well assigned, for the reason that the action is brought by the administrator. The complaint states that Louisa Marshall died intestate; that letters of administration on her estate were duly issued to the plaintiff by the surrogate of New York *224 county, whereby he was appointed administrator, and thereupon having qualified he entered upon the duties of his office.
The action is brought by Bichard Marshall administrator, &c., of Louisa Marshall, deceased, the judgment will be entered under the same title, and when the plaintiff collects the money which the defendant by this demurrer admits is in his hands, he will hold the same in his representative capacity as administrator of the estate of Louisa Marshall.
The order and judgment appealed from should be affirmed, with costs.
Baenaed, O. J., and Pbatt, J., concur.
Judgment and order affirmed, with costs.