[No. 4459.]

## FALKE v. TERRY ET AL.

1. **Estates of Decedents—Executors—Removal to Other State—Jurisdiction.**

An executrix appointed and qualified in another state is not liable to an action in the courts of this state against her in her capacity as such executrix to enforce the performance of her official duty. But where such executrix brings into this state funds of the estate received as such in another state and has misapplied and is improperly using such trust fund, an action may be maintained against her in the courts of this state to protect such fund from loss, by persons entitled thereto. To maintain such action, however, it is necessary for plaintiffs to prove that defendant brought into this state funds and assets belonging to the estate of the testator.

2. **Same—Wills.**

Where a will executed and probated in another state bequeathed to the wife of testator a life estate in all his property and appointed her his executrix, but provided that if she married again the executrix should set apart for and invest in the names of the children such portion of the estate as they would have inherited had he died intestate, to become their absolute property only when they respectively reached the age of 25 years, and the widow married and moved into this state, an action could be maintained against her in the courts of this state, if money or assets belonging to the children were brought into this state, to require a proper safeguard or investment of such fund as the will directs or the laws of such other state require, but no absolute money judgment could be rendered against the executrix in favor of the children, before any of them had reached the age of 25 years.

3. **Same—Jurisdiction—Title to Real Estate.**

In an action between the legatees under a will and a foreign executrix who is charged with wrongful application of the personal assets of the estate, which she brought into this state, the courts of this state have no jurisdiction to try the title to real estate situate in the state of domiciliary jurisdiction.

*Appeal from the District Court of Arapahoe County.*

Mr. L. E. C. HINCKLEY and Mr. ROBT. E. FOOTE, for appellant.

Mr. W. T. ROGERS and Mr. JOHN F. MAIL, for appellees.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The material facts, as set forth in the complaint, are that plaintiffs are children and heirs at law of Juan B. C. Phillips, deceased. In 1892 their father died in the city of Brooklyn, New York, leaving a will in which the defendant, Amanda L. Falke, formerly wife of Mr. Phillips, was named executrix, and John H. Springer executor. The will was duly presented for, and admitted to, probate in the surrogate's court of the city of Brooklyn, and letters testamentary issued to defendant as executrix—the executor not qualifying—and thereupon she took possession of all the property of the estate and thereafter has had exclusive possession of it. No inventory of the assets of the estate was filed in the surrogate's court, and no accounting thereto by the executrix has ever been made. Soon after the testator's death the defendant married Henry Falke, and in the year 1894 removed with him to the state of Colorado, bringing with her funds and assets of the estate of great value. Their father's will, although it gave to the wife, the defendant herein, a life interest in all of the property, with the power to sell and dispose of the same or any part thereof as she deemed best during such period of time, further provided that, in case she married again, his personal representatives should set apart and invest in the names of his children, including these plaintiffs, such parts of the estate as would have been theirs by law in case he died intestate, the same to become their absolute property when they respectively reached the age of 25 years.

Disregarding the provisions of the will and her duty as executrix, the defendant denies the right of

plaintiffs to any share of the estate of their father, although she married again after his death and long before the action was begun, and has converted to her own use a large part of the property of the estate belonging to them and holds the same in this state in fraud of their rights.

There are other allegations of mistreatment of the plaintiffs by defendant, a denial of their legitimacy, and certain other allegations which are not material to this decision. The court assumed jurisdiction of the cause, finding the issues in favor of the plaintiffs, adjudging title to certain real estate situate in the state of New York, standing in defendant's name upon the records, to be the property of the plaintiffs, and decreed that the same should be held by her in trust for them. The cause was then referred to a referee to take an accounting of defendant's acts and doings as executrix of the estate from the time she took possession and assumed control of the assets. The referee found that defendant was indebted to the plaintiffs in the sum of about $2,400, and his report was confirmed by the court, then presided over by a different judge from the one who ordered the accounting, and a personal judgment against the defendant was rendered for that sum in favor of plaintiffs. The defendant brings the case here by appeal.

1. The general doctrine is that executors and administrators are not liable to actions as such in a state where they have obtained no letters of administration, but that they are amenable for their executorial acts only to the proper tribunals of the state from which they obtained their appointment. The appellant insists that this doctrine applies to this case, and that the court is wholly without jurisdiction of the subject-matter. The general rule for which appellant contends is sustained by a large number of authorities, among which are *Woodruff v. Young*, 43

Mich. 548; *Spoon v. Baxter,* 31 Mich. 279; Story on Conflict of Laws (7th ed.) § 514; 1 Woerner on the American Law of Administration (2d ed.) chapter 17 and additional authorities therein cited.

If this action were against the defendant in her capacity as executrix to enforce the performance of her official duty, it would not lie. Appellant misconceives the real scope of the action. It is based upon the proposition that a trust fund in the possession of a defendant has been improperly used, and is in danger of being still further misapplied, and the protection of the court is sought by the ones entitled thereto in order to protect it from loss. In his valuable work on the Conflict of Laws at section 514b, Judge Story declares that the doctrine is fully established that if a foreign executor or administrator brings or transmits to another state property which he has received under administration abroad, or if he is personally present, he is not, either personally or in his representative capacity, liable to a suit in such other state. Several cases are cited in its support.

Notwithstanding this opinion of the learned jurist, we think the principle upon which the jurisdiction of the court in this case rests has been firmly established by many respectable authorities. In the case of *Tunstall v. Pollard's Admr.,* 11 Leigh (Va.) 1, in an able opinion by Tucker, president judge, in which he reviews and comments upon the authorities referred to by Judge Story, the conclusion was reached that an executor who has qualified and received assets in a foreign country and brought them into the state of Virginia is liable to be sued and to be compelled to account in her courts though he never qualified as executor in Virginia, and may have received no assets there. In *Hedenburg v. Hedenburg,* 46 Conn. 30, it was held that a foreign executor

who comes into another state to reside and brings
with him property belonging to the estate cannot be
made liable in the latter state, upon suit of a local
creditor of the testator, to the extent of the property
brought therein, but may be, to the extent of the prop-
erty already there. This, in a measure, sustains the
text of Judge Story.

The leading case in America in support of the
principle upon which jurisdiction herein can be main-
tained is *McNamara v. Dwyer,* 7 Paige's Chancery
239. Others are *Montalvan v. Clover,* 32 Barb. 190;
*Patton v. Overton,* 27 Tenn. 191; *Colbert v. Daniel,*
32 Ala. 314; *Dillard v. Harris,* 2 Cooper's Chancery
(Tenn.) 196; *Bryan v. McGee,* 2 Washington Circuit
Court 337; *Spraddling v. Keeton,* 15 Mo. 118; *Clop-
ton v. Booker,* 28 Ark. 482; *McCabe v. Lewis,* 76 Mo.
296. Other authorities are collected in 8th Enc. Pl.
& Pr. 714 *et seq.* Schouler's Executors and Admin-
istrators (2 ed.) § 173; 1 Woerner's Amer. Law of
Adm'n (2 ed.) § 164. The complaint, therefore, stat-
ed a case within the jurisdiction of the district court.

It was necessary, however, for the plaintiffs,
among other things, to prove that the defendant
brought into this state funds and assets belonging to
the estate of the testator. The only witness produced
by plaintiffs upon this controverted issue was the
defendant herself. Her testimony does not establish
it. Indeed, it appears therefrom that she brought no
property belonging to the estate from New York to
Colorado, unless it is a gold watch, which, some time
before the hearing, had been returned to the former
state, and concerning whose ownership at the time
there was a dispute. If the defendant has possession
or control of any property belonging to the estate,
it is, for aught that appears from this record, in bank,
or in the form of investments, or real estate, all in the

state of New York. In her brief, appellant challenged appellees to point out in the record any evidence whatever that any of the assets of the estate was brought into this state by the executrix. In their brief appellees have not referred to any portion of the record where this proof is disclosed. Considering the voluminous record, we would have been justified in assuming, for the purposes of the opinion, that none such exists. We have, however, examined the abstract, and are unable to find sufficient evidence of this essential fact upon which the jurisdiction of the court depended. Proof not being made of this essential fact, necessary in this kind of a case to give the courts of this state jurisdiction, it follows that the trial court, upon the showing made, should have dismissed the action.

2. The absolute money judgment awarded to plaintiffs cannot, in any event, be sustained. The will expressly provides that if the testator's wife marries again, the executor and executrix shall set apart for, and invest in the names of, the children such portion of the estate as they would have inherited had he died intestate, the same to become their absolute property only when they have respectively reached the age of 25 years. Although the widow had remarried at the time of the hearing, neither of the plaintiffs (children of the testator) had reached the age of 25 years. The court had power to direct that, if money or assets which belonged to the children were thus brought into Colorado from the state of New York, it should be properly safeguarded or invested as the will provided or disposed of as the laws of that state require. It is conceded that no inventory of the assets of the estate was filed in the court granting the letters, and no accounting therein had. It may be that the debts of the estate will consume the entire assets. Whatever may be the rights of a local creditor as to

property already within this state to secure which the foreign executor came here, as between the parties to this action at least, the nature and extent of the liability of the defendant with respect to assets in her possession, whether received in New York or in Colorado, are to be determined according to the laws of the state of New York from which she derived her authority to administer. They must ultimately be applied to the payment of debts or distributed to the legatees and devisees under the will or invested as that instrument directs, and as though this action had been brought in the courts of the state of New York. —*McNamara v. Dwyer, supra.*

Neither can the action of the court in trying and adjudicating the title of real estate situate in the state of New York be upheld. In the nature of things, that property was never within the territorial jurisdiction of the courts of this state; and while in some cases it has been held that the courts of one state may enforce specific performance of a contract relating to real property situate in another jurisdiction, we know of no decision, and are cited to none, that authorizes the courts of a state other than that of the domiciliary jurisdiction to try the title of real estate situate in the latter, where the action is one between legatees under a will and a foreign executrix who is charged with wrongful application of the personal assets of the estate which she has thus transmitted. The conclusion reached renders unnecessary any consideration of the action of the court in reference to the accounting.

At the oral argument on the petition for rehearing it was made known to us that the appellant (defendant below) is now living in the state of New York and in the county the surrogate's court of which granted to her letters testamentary. It would be an unnecessary proceeding, and unjust to both parties,

to permit this action to proceed further in the courts of this state. The judgment must be reversed for the errors pointed out, and the cause is remanded with instructions to the district court to dismiss the action without prejudice to the right of appellees to proceed against appellant in the proper court of the state of New York.    *Reversed.*