J. W. CUTRER AND R. H. CRUTCHER v. STATE OF TENNESSEE.

[54 South. 434.]

1. BOND OF FOREIGN ADMINISTRATOR. *Suit on. Jurisdiction.*

Where a decedent, a resident of this state at the time of her death leaves property both in this state and also in the state of Tennessee, and administration is had on her property in this state, and a party resident in this state, takes out letters of administration in the state of Tennessee on the property in that state and gives bond as such administrator, payable to the state of Tennessee with three bondsmen, two of whom are residents of this state, and converts the same to his own use and becomes insolvent, an interested party may sue in the name of the state of Tennessee on the bond of such administrator in this state, in the county of the residence of such administrator, or his resident bondsmen. The object of the suit being to protect the fund and to return it to the state having lawful authority to control and finally dispose of same.

2. SAME. *Code* 1906, § 561.

Under such circumstances such a suit can be brought in a county other than that where the will of the decedent was probated and domiciliary letters of administration granted. Code of 1906, § 561, not applying.

APPEAL from the chancery court, Second district of Coahoma county.

HON. M. E. DENTON, Chancellor.

Suit by the state of Tennessee on the relation of N. E. Leggett against J. W. Cutrer et al. From a decree overruling a demurrer to the bill, defendant appeals.

The facts are fully stated in the opinion of the court.

*Geo. Winston,* for appellant.

1. The suit is on the alleged bond of P. L. Whitworth, in the probate court of Shelby county, Tennessee, as

administrator C. T. A. of the estate of Mary F. Leggett, deceased, appointed by said probate court; the appellants, J. W. Cutrer and R. H. Crutcher, being sued as sureties on such bond. The suit purports to be brought by the state of Tennessee on the relation only of R. E. Leggett, and without any authority or direction of the probate court of Shelby county, Tennessee, and the relief prayed is that said bond be declared to be forfeited for the breach thereof alleged in the bill, and that said administration and said appellants be required to pay the amount of said bond to the state of Tennessee for the use and benefit of the relator. The suit, therefore, purports to be a suit by the state of Tennessee on said bond, and for the recovery by such state of the amount of the bond sued on. But such a suit could be brought by the state of Tennessee only by its proper officer, for it can act in such case only through its authorized officer, or at all events only by the direction of its probate court of Shelby county, which had the custody and control of the bond sued on and the Tennessee estate of the testatrix, and the exclusive jurisdiction to dispose of such estate. It follows, therefore, that the bill was filed without any right or authority, and that if the court below should decree the amount of the bond, or any amount to be paid by the defendants, there is no party to the suit to whom such amount could be decreed to be paid.

2. If this suit could be held to be in effect a suit by R. E. Leggett, and not by the state of Tennessee, neither the court below, nor any other court in Mississippi, had any jurisdiction of the suit, and the defendants were not liable to suit in any such court, because the suit is a suit on the bond of and against the defendant Whitworth, as the foreign Tennessee administrator C. T. A. of the Tennessee estate of Mary F. Leggett, deceased, appointed by the probate court of Shelby county, Tennessee, and the purpose of such suit is in effect to com-

pel the settlement of such Tennessee estate by Whitworth as such Tennessee administrator and the distribution by him and his sureties on his bond as such administrator of the surplus of such estate to R. E. Leggett as an alleged legacy to him under the will of his mother. *Vaughn* v. *Northrup,* 15 Pet. 1, 10 L. Ed. 639; *Wyman* v. *U. S.,* 109 U. S. 654, 27 L. Ed. 1068; *Brown* v. *Fletcher's Estate,* 210 U. S. 82, 52 L. Ed. 966; *Boyd* v. *Lambeth,* 24 Miss. 433 and 437; *Riley* v. *Mosely,* 44 Miss. 37; *In re Estate of Crawford,* 68 Ohio St. 58, 67 N. E. 156; *Sturdevant* v. *Newell,* 27 Miss. 157; *Morris* v. *Morris,* 27 Miss. 850; *Williams* v. *Benedict,* 8 How. 107, 12 L. Ed. 1007; *Wilson* v. *Hartford Ins. Co.,* 164 Fed. 817; *Young* v. *Lavender,* 21 Wall. 276, 22 L. Ed. 536; *Boyd et al.* v. *Lambeth,* 24 Miss. 433; *Low* v. *Bartlett,* 8 Allen 259; *Pickering* v. *Fisk,* 6 Vt. 102; *Thornton* v. *Glover,* 25 Miss. 133; *Edwards* v. *Kelly,* 83 Miss. 144; *Dobbins* v. *Halface,* 52 Miss. 561; *Whitfield et al.* v. *Billups,* 56 Miss. 489, 495.

*D. A. Scott* and *Bedford & Allen,* for appellee.

By the first ground of the demurrer, it is contended that the suit is improperly brought in the name of the state of Tennessee. Section 3072 of Miliken & Vertress (Tenn.) Code, it is distinctly provided that suits upon bonds payable to the state of Tennessee may be brought in the name of the state by any interested parties. This point is expressly decided in the case of *Brannon* v. *Wright,* 84 S. W. (Tenn.) 612.

In our own state the suit is likewise brought in the name of the state. *Hause* v. *State,* 54 Miss. 646; *Wolf* v. *State,* 59 Miss. 339; *Patty* v. *Williams,* 71 Miss. 612.

By the second ground of the demurrer it is contended that the suit should have been filed in the chancery court of the second judicial district of Bolivar county, Mississippi. The defendants evidently rely on section 561 of the Mississippi Code of 1906, which provides that "suits

against executors, administrators and guardians touching the performance of their official duties, and suits for an account and settlement by them and for the distribution of personalty of decedent among the heirs and distributees, and suits for the payment of legacies, shall be brought in the chancery court in which the will was admitted to probate, and letters of administration were granted or the guardian was appointed.''

It is sufficient answer to this objection to point out to the court that this is not a suit against an administrator appointed by a Mississippi court, but is a suit based upon the appointment of an administrator by the court of Tennessee and the sureties on his bond given in that state. Were the suit based upon the appointment of an administrator by a Mississippi court, undoubtedly the court in which the will was admitted to probate would be the proper tribunal in which a suit upon the administrator's bond is brought; but, as stated, this being based upon the appointment of the administrator by the Tennessee court, the administrator and the sureties on his bond being residents of Mississippi and the funds traced into Mississippi, the suit should be brought in the county in which the parties are found.

It is earnestly insisted by the third and fourth grounds of the demurrer that no suit may be maintained in any court in Mississippi, or any court in any other state, other than the probate court of Shelby county, Tennessee, by which the administrator was appointed. It is undoubtedly the general rule that an administrator may not sue, nor be suable, in any court outside of the state of his appointment; but peculiar cases arise in which if this rule were universal, there would necessarily result a total failure of justice. An interesting case upon this subject is that of *McNamara* v. *Dwyer*, decided in the Supreme Court of New York (7 Paige, ch. 239; 32 A. D. 627). *Evans* v. *Tatem*, S. & R. (Pa.) 252, 11th A. D. 717; *Dowdle's case*, 6 Co. 46; *Atchison's*

*Heirs* v. *Lindsey et al.,* 6 B Monroe (Ky.) 86, 43 A. D. 153; *Johnson* v. *Jackson,* 56 Ga. 326, 21 Am. Rep. 285; *Bell* v. *Suddoth,* 2 S. & M: 532; *Laughlin* v. *Solomon,* 180 Pa. State 177; *Worten* v. *Howard,* 2 S. & M. 530; *Magee* v. *Gregg,* 11 S. & M. 70; *Magee* v. *Harrington,* 13 S. & M. 403; *Dean* v. *Nunnally,* 36 Miss. 358; *Dobbins* v. *Halface,* 52 Miss. 561.

MAYES, C. J., delivered the opinion of the court.

This appeal is before the court from a decree of the chancellor overruling a demurrer to the bill. Suit was brought in the name of the state of Tennessee, on relation of Robert Eugene Leggett, and is for his use and benefit. The defendants are J. W. Cutrer and R. H. Crutcher, residents of the second judicial district of Coahoma county, where the suit was filed, and P. L. Whitworth, a resident of the first judicial district of the same county. The chief allegations of the bill are that the mother of complainant, one Mary E. Leggett, executed a last will and testament on the 27th day of March, 1904; she then being a resident of the second judicial district of Bolivar county. A short time after the will was executed Mrs. Leggett died, and on the 30th day of May, 1904, her last will and testament was duly probated in the second judicial district of Bolivar county, which place was her residence at the date of her death, and by the will she left complainant the sum of two thousand, two hundred dollars, to be paid in cash. The will is made an exhibit to the bill. It is further alleged that at the date of Mrs. Leggett's death she had in cash only two thousand, one hundred fifty-nine dollars and sixty-nine cents, and this sum was on deposit in Shelby county, Tennessee, in the State National Bank of the city of Memphis, and that this was the fund intended by her to be given to complainant. It is then alleged that some time in July, 1904, Peter L. Whitworth went to the state of Tennessee and applied for and obtained

letters of administration on the estate of Mrs. Leggett in that state from the probate court of Shelby county, Tennessee, and in compliance with the law of that state executed a bond for the faithful performance of his duties as administrator, with J. W. Cutrer, R. H. Crutcher, and J. R. Crutcher as sureties. After executing the bond the State National Bank paid over to Whitworth the two thousand, one hundred fifty-nine dollars, and sixty-nine cents then in the bank to the credit of Mrs. Leggett's estate and alleged to have been left to the complainant by the will. The bill further alleges that, immediately upon receiving this money, Whitworth, acting with the knowledge and consent of his codefendants and without procuring an order of the probate court of Tennessee, wrongfully removed the entire fund into the state of Mississippi and deposited it in the First National Bank of Clarksdale, wherein Cutrer was the president and a stockholder and R. H. Crutcher was cashier. It is further alleged that, after bringing the money into the state of Mississippi and depositing it with the Bank of Clarksdale, all of the money was afterwards drawn out of the bank by Whitworth and used by him with the knowledge, consent and advice of Cutrer and Crutcher, and that no part of the same was ever paid to complainant, or any one for him. It is further alleged that Whitworth failed to make an account to the Tennessee court for the funds, and refused to pay or account to the complainant for same, although under the will it was his duty to pay over to the guardian or complainant, who was at that time a minor, the funds coming into his hands. J. R. Crutcher is not made a party; the bill alleging that he is a resident of the state of Tennessee. It is also alleged that Whitworth is insolvent. It is further alleged that at the time of her death Mrs. Leggett owned large and valuable properties, consisting of both realty and personalty, located in Bolivar county, the property being largely in excess of all debts

she owed, and that all of these debts have been paid in full.  The bill prays that the defendants thereto, Cutrer, Crutcher, and Whitworth, be made parties and required to make due answer, and that on final hearing the court enter a decree declaring the bond forfeited for the breach of its condition, and that Cutrer and Crutcher as sureties, and Whitworth as principal, be required to pay the state of Tennessee the amount of the bond for the use and benefit of the complainant.

There are many causes of demurrer filed to the bill of complaint, some of which we shall give incidental notice, but confining the opinion mainly to that feature of the case which challenges the right of complainant to bring this suit in a Mississippi court against a Tennessee administrator.  It is insisted by counsel for appellant that complainant has no right to maintain this suit on this bond, because it is payable to the state of Tennessee, and the suit was not filed by the state of Tennessee, or under the authority of the state.  The bond in suit is an ordinary administrator's bond.  It is taken for individual, and not governmental, protection.  In almost every state—in fact, in every state—some method is provided whereby the state assumes charge of an intestate's estate after death, through the medium of some officer authorized to be appointed by it, and has an orderly administration of the estate, preserving it until those entitled to claim it have been duly ascertained, paying debts of the decedent, and finally distributing it to the persons entitled thereto.  In order to accomplish this, and because the proceedings are at the instance of and under the authority of the state, the officer authorized by the state to act and take possession of property is required by the same authority that authorizes it to give bond for the faithful performance of the duties incident thereto, and this bond is taken in the name of the state; but the beneficial obligee in this character of bond is the proper individual finally entitled to the prop-

erty. Section 2026 of the Code of 1906 of this state requires all such bonds to be made payable to the state, and section 2028 authorizes a suit upon such a bond "by any person injured by a breach thereof." While this bond is not in the name of the state of Mississippi, and was not taken in this state, we cite the above as being in line with the general rule in all the states on this subject. That a suit may be instituted in the name of the beneficial obligee is stated in the text and notes in volume 4, p. 651, Ency. Law (2d Ed.). Section 3967 of Shannon's Tennessee Code expressly provides that any person interested in an administrator's bond may prosecute a suit on same in the name of the state.

Counsel for appellant contend that, if it be conceded that any court in Mississippi has jurisdiction of this suit, then under section 561 of the Code of 1906 the suit can be maintained only in the chancery court of the second district of Bolivar county, the district and county in this state where the will was probated and domiciliary letters of administration granted. It is quite true that the above section of the Code provides that "suits against administrators touching the performance of their official duties . . . shall be brought in the chancery court in which the will was admitted to probate, or letters of administration granted," etc.; but this section has no application to this suit. In the first place, there is no place in this state where any court of the state had any power to grant letters of administration authorizing Whitworth to act as administrator of a fund that then had its situs in the state of Tennessee. Whitworth was under no duty to account for this fund, as administrator, to any court of this state; and, having no duty as administrator in this state, section 561 of the Code, fixing the place where suits must be brought against executors and administrators "touching the performance of their official duties," applies only in a case where the duty is one assumed under the grant of letters of ad-

ministration in this state, and when there is a court in this state to which this duty is owing. The main question in this case is as to whether or not this foreign administrator may be sued in the courts of this state? There could be but one answer to this query, if it were not for the fact that it is alleged in the bill that the particular property in question was brought into this state and here wrongfully converted to the individual use of the administrator. The prayer of the bill filed in this case is, not that the fund alleged to have been wrongfully converted be paid over to the complainant, but that it be paid to the state of Tennessee, which, of course, means that the court here will order it paid into that court of Tennessee having control over the administration, which is the probate court of Shelby county, Tennessee. The Tennessee court can then proceed to administer the fund according to its own laws, and the court of this state has ample power to have one of its own agents see to the proper payment of the fund to the court of Tennessee having jurisdiction thereof.

In support of the proposition that no suit can be maintained against this Tennessee administrator in the courts of this state, counsel for appellant cite the following authorities: *Vaughan* v. *Northup,* 15 Pet. 1, 10 L. Ed. 639; *Wyman* v. *U. S.,* 109 U. S. 654, 3 Sup. Ct. 417, 27 L. Ed. 1068; *Brown* v. *Fletcher,* 210 U. S. 82, 28 Sup. Ct. 702, 52 L. Ed. 966; *Boyd* v. *Lambeth,* 24 Miss. 433; *Riley* v. *Moseley,* 44 Miss. 37; *Estate of Crawford,* 68 Ohio St. 58, 67 N. E. 156, 96 Am. St. Rep. 648. We do not think any of the above cases are in point under the facts of this case; but, before proceeding to discuss the above cases, we shall proceed to state what in our judgment is the true rule. It appears from the bill in this case, which bill stands confessed by the demurrer, that the administrator is insolvent, that he resides in this state and brought the funds into this state and converted it to his own use, that two solvent sureties on the bond

live in this state, and the third lives in the state of Tennessee. Whether this third surety is solvent or insolvent does not appear. The complainant also resides in this state. Under these circumstances we have no hesitancy in declaring that the courts of this state are vested with full jurisdiction to entertain the suit to recover this fund, and there is a multitude of authority to this effect. To hold otherwise, as is said in many of the cases that we shall herein cite, would often result in a total failure of justice, a result always to be shunned by the courts.

In the case of *McNamara* v. *Dwyer*, 7 Paige (N. Y.) 239, on page 242, 32 Am. Dec. 627, on page 629, it is said: "If a guardian appointed in one of our sister states should come into this state with the property of his ward, or after he had squandered the same, or appropriated it to his own use, in the state where he received his appointment, there could be no reasonable doubt as to the jurisdiction of this court to compel him to account for and pay over to his ward what was justly due according to the laws of the state in which he assumed the trust. And I confess I can see no reasons for giving such a remedy here, in the case supposed, which would not be equally applicable to the case of an executor or administrator coming into this state and bringing with him the property which had been confided to him as trustee for the creditors or next of kin of the decedent." Again, in the same authority, on page 241 of 7 Paige (N. Y.) and on page 628 of 32 Am. Dec., it is further said: "It appears to be perfectly well settled that a foreign executor or administrator cannot maintain a suit in this state by virtue of letters testamentary or of administration granted abroad. And the learned and very distinguished American commentator on the conflict of foreign and domestic laws is evidently of the opinion that this principle extends to suits brought against the foreign executor or administrator, to recover the prop-

erty which he has received in that character.   Story,
Conf. L. 422, §§ 513, 514.   I have, however, after a care-
ful examination of the several cases referred to by him,
not been able to find any one in which it has been directly
decided that the remedy against an executor or adminis-
trator, either in behalf of the next of kin or of the cred-
itors, is necessarily confined to the courts of the country
in which the letters testamentary or of administration
were granted.   Indeed, to suppose such was the law would
lead to the conclusion that cases must frequently exist
in which there would be a total failure of justice.   It
is well known, as a general rule, that executors are not
required to give security upon the granting of letters
testamentary to them; so that, if they remove to another
state or country, taking the proceeds of the testator's
property with them, there would be no possibility of
compelling them to account for the same by a resort to
the tribunals of the state or country where probate of
the will was originally made.   And even in the case of an
administrator who had given security to account, the
remedy there might be unavailing, in consequence of the
insolvency of his sureties."

The following authorities, some of which are well rea-
soned and supported by numerous other authorities, all
support the view herein announced by this court:
*Cureton* v. *Mills,* 13 S. C. 409, 36 Am. Rep. 700; *Ordro-
naux* v. *Helie,* 3 Sandf. Ch. (N. Y.) 512; *Greenhood* v.
*Greenhood,* 143 Ala. 440, 39 South. 299; *Falke* v. *Terry,*
32 Colo. 85, 75 Pac. 425; *Johnson* v. *Jackson,* 56 Ga. 326,
21 Am. Rep. 285, and numerous other authorities cited
in brief of counsel for appellee.   While it is true that
Justice Story, in his treatise on the Conflict of Laws,
stated it to be the law that, where a foreign administra-
tor brings to another state property which he has re-
ceived as administrator in a foreign jurisdiction, he is
not liable in a suit instituted against him in the state into
which he has brought the property.   This assertion by

the distinguished jurist has been repudiated by almost every court that has passed upon the subject since that time, and right and reason seem to be with the courts holding contrary to the view taken by Justice Story.

That no man can profit by his own wrong doing is a maxim of the law applying as strongly to the case of an administrator leaving the jurisdiction of his proper accountability and going into a jurisdiction wherein it does not properly lie, seeking thereby to avoid accounting to the court of his appointment, as it does to any other human transaction. If a party be injured thereby, there is a right, and the courts have found the remedy. In the case of *Vaughan* v. *Northup,* 15 Pet. 1, 10 L. Ed. 639, cited by appellant, we see no obstacle. There was no wrongdoing charged on the part of the administrator —no charge that he had converted the funds to his own use in the jurisdiction in which he was sued, having improperly brought them there from the jurisdiction of his accountability. This, in itself, distinguishes the above case from the case on trial; but it is still further distinguished by reason of the fact that it appears in the Vaughan case that one Moody was living in Kentucky and died there. Northup was appointed his administrator in the state of Kentucky, and went to Washington, D. C., and there collected a certain amount of money from the United States, due the intestate for military services. Certain persons, residing in Virginia and claiming to be entitled to a distributive share in the funds, began a proceeding in a court in the District of Columbia, seeking to compel the administrator to make a settlement there. The supreme court of the United States held that the suit must be brought in Kentucky, holding that debts due by the United States have no locality at the seat of government; that the United States, in their sovereign capacity, possess in contemplation of law an ubiquity throughout the Union. To the same effect is the case of *Wyman* v. *U. S.,* 109

U. S. 654, 3 Sup. Ct. 417, 27 L. Ed. 1068.   An examina-
tion of the case of *Brown* v. *Fletcher,* 210 U. S. 82, 28
Sup. Ct. 702, 52 L. Ed. 966, fails to disclose to us any
application to the facts of this case.   The case of *Boyd*
v. *Lambeth,* 24 Miss. 433, but announces the general
well-settled rule that an administrator, appointed by the
courts of another state, cannot sue or be sued, as such
in this state.   To the same effect is the case of *Riley* v.
*Moseley,* 44 Miss. 37, and *Estate of Crawford,* 68 Ohio
St. 58, 67 N. E. 156.   The same reasons which warrant
the suit against the administrator, where property of
the intestate is brought by him from the state of his
appointment and converted in the latter state to his own
use, apply to suits against the sureties on his bond, and
particularly is that the case here.   In this case both
sureties and principal are citizens of this state, and a
denial of the right to sue on the bond would as effectually
deny justice as if it were held that the administrator
could not be sued.   Counsel for appellant cite the case
of *Judge of Probate* v. *Hibbard,* 44 Vt. 597, 8 Am. Rep.
396, in seeming conflict with this view; but the facts of
that case but imperfectly appear, and its reasoning is
unsound when attempted to be made controlling in the
case on trial.

But counsel for appellant further contend that this
suit cannot be maintained in any event, because no final
account has been made to any tribunal, either in Tenn-
essee or Mississippi, and therefore the right of Leggett
has not been established.   This suit is not attempted to
be maintained by Leggett for the purpose of having now
paid to him any share in the estate.   Leggett is alleged
to be an interested party, and it is admitted by the
demurrer.   The purpose of this suit is to prevent a
waste of the estate pending the time of final settlement.
The prayer of the bill only asks that the funds in ques-
tion be protected and carried back to the lawful author-

ity charged with the responsibility and duty of controlling the final disposition of same.

*Affirmed and remanded.*

Smith, J. (dissenting).

I feel constrained to differ with my brethren in the conclusion they have reached in this matter. The general rule is that an executor or administrator appointed in one jurisdiction cannot be sued in his representative capacity in any other jurisdiction. *Winter* v. *Winter,* Walker, 211; *Boyd* v. *Lambeth,* 24 Miss. 433; *Riley* v. *Moseley,* 44 Miss. 37; *Vaughan* v. *Northup,* 15 Pet. 1, 10 L. Ed. 639; Story on Confl. Laws, §§ 513, 514; 18 Cyc. 1244, and authorities there cited.

It may be that there is an exception to the rule announced in the above authorities, under which exception a foreign executor or administrator, who comes within the jurisdiction of our courts, bringing with him the property of the estate he represents, may be held to account here, not in the character of executor or administrator, but as trustee, as to which I express no opinion; but this is not such a case. The effort here is simply to recover a money judgment against a foreign administrator and the sureties on his bond, as such. 18 Cyc. 1245; 3 Ency. Pl. & Pr. 715, and authorities there cited; *Winter* v. *Winter, supra.*